# JOHN C. RUE

### v.

## CHARLES A. DOLE et al.

*Filed at Ottawa May 10, 1883—Rehearing denied September Term, 1883.*

1. SALE—MORTGAGE—*whether a transaction was an absolute sale or only a mortgage—conveyance in satisfaction of a mortgage indebtedness, with a contract for a repurchase.* Where the owner of property had given deeds of trust for a large sum of borrowed money, and had failed to pay the interest or taxes for four years, on being notified by the executors of the creditor that they would proceed to foreclose the trust deeds and sell the premises unless the interest was paid, he replied that he preferred to make a deed for the property rather than to have a sale made under the trust deeds or on foreclosure, and after some negotiations the amount of the indebtedness was agreed on, and he conveyed the property by a deed absolute in form, taking back a contract to convey the land to him upon the payment of the sum found to be due, within one year, and his notes and deeds of trust were surrendered and the record of the trust deeds satisfied, he executing no new obligation binding him to pay: *Held*, that the transaction was not in the nature of a mortgage, but was an absolute sale of the equity of redemption, and that the contract given back to the grantor was a re-sale.

2. A mortgagee has the right, if he can agree with the mortgagor on the terms, to purchase the mortgaged premises, and if he does, the mere fact that the deed to him is made in satisfaction of the mortgage does not make such deed a mortgage, and the surrender of the evidences of the mortgage debt, taking back no new obligation to pay, is a circumstance affording evidence that the new conveyance was not intended as a mortgage.

3. A mortgage being a conditional conveyance of property as a security for the payment of money or the performance of some act or duty, it is essential to its creation and existence that there be a subsisting indebtedness or obligation to pay money or perform some duty or act. When the debt or obligation is released or wiped out, the conveyance becomes null and void. Therefore land can not be conveyed as security for a debt where no debt exists.

4. Where mortgaged premises are conveyed by the mortgagor to the mortgagee in satisfaction of the mortgage debt, so that no recovery can be had upon such original debt in an action at law, the transaction must be regarded as an absolute sale, and this though the grantee may execute a contract for re-sale upon payment of the same price within a given time.

5. Whatever presumption may arise that the transaction is a mortgage when a deed has been given, and at the same time a contract for a reconvey-

ance executed, may be repelled by any facts showing that the debt was surrendered and cancelled at the time of the conveyance. The mere fact that a deed is executed and a bond given for a reconveyance, does not stamp the transaction as a mortgage.

6. SAME—*rights of the holder of the contract of re-sale, as to tender of deed to him, and an accounting.* Where the holder of a mortgage debt accepts from the mortgagor an absolute deed for the mortgaged premises in full satisfaction of the indebtedness, and at the same time gives the grantor a contract, by which he obligates himself to reconvey the premises upon the payment of a certain sum within one year, with a provision that if the payment should not be made within the time limited the contract should be null and void, if the holder of the contract fails to make such payment in proper time, he will have no right, on bill filed by the maker of the contract to have the same cancelled as a cloud on his title, to insist that a deed should have been first tendered to him, and an account rendered by the owner.

7. SAME—*as to the adequacy of price—effect of that question on the transaction.* Where the owner of property, not being able to pay his indebtedness secured by deed of trust, after time to consider, and on mature deliberation, conveys the same to the holder of such indebtedness in full discharge thereof, without any deception, fraud or oppression practiced upon him, and has given him the privilege of repurchasing within a year at the same price, of which he fails to avail himself, the conveyance will be sustained, although he may have parted with the property at less than its full value.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Messrs. DENT & BLACK, for the appellant:

To determine the conveyance and the contract made with it constitute an absolute sale or a mere mortgage, the court will look not only to the writings, but beyond and outside of them, and the case is open to the whole range of parol evidence, so far as it conduces to show the relation between the parties and the end they had in view. 3 Leading Cases in Equity, (3d Am. ed.) 630.

Where an absolute conveyance has been proved to have been made as security for an antecedent debt, and not as an absolute satisfaction, so that the debt survives, it will take effect as a mortgage. 3 Leading Cases in Equity, (3d Am. ed.) 638; *Preschbaker* v. *Feaman*, 32 Ill. 472; 1 Hilliard on

Mortgages, (4th ed.) 115, 119; *Ewart* v. *Walling,* 42 Ill. 453; *Rice* v. *Rice,* 4 Pick. 349.

Inadequacy of price is a circumstance of weight in cases of this sort. 1 Jones on Mortgages, sec. 275; 3 Leading Cases in Equity, 630.

When it is doubtful whether a transaction is a mortgage or a conditional sale, it will generally be treated as a mortgage. 1 Jones on Mortgages, sec. 279.

For cases in which deeds absolute on their face have been held mortgages, see *Ennor* v. *Thompson,* 46 Ill. 222; *Harbison* v. *Houghton,* 41 id. 522; *Miller* v. *Thomas,* 14 id. 428; *Delahay* v. *McConnell,* 4 Scam. 158; *Tillson* v. *Moulton,* 23 Ill. 656; *Russell* v. *Southard,* 12 How. 154; *Peugh* v. *Davis,* 96 U. S. 332; *Morris* v. *Nixon,* 1 How. 118.

Messrs. GRANT, SWIFT & BRADY, for the appellees:

An existing indebtedness is essential to the existence of a mortgage. 4 Kent's Com. 136; 1 Washburn on Real Prop. chap. 16, sec. 19; 2 Bouvier's Law Dic. (15th ed.) title, "Mortgage;" *Mitchell* v. *Burnham,* 44 Maine, 299; 2 Abbott's Law Dic. title, "Mortgage;" *Almy* v. *Wilbur,* 2 Wood. & M. 371; 1 Jones on Mortgages, sec. 16. The giving back of the contract of re-sale did not convert the transaction into a mortgage. (1 Jones on Mortgages, sec. 267, and cases there cited.) If the transaction is to be considered as a mortgage, the relation of debtor and creditor should continue to exist, and their rights should be reciprocal. But here the debt was extinguished, and, by the very nature of the transaction, the debt must be regarded as purchase money of the premises described in the deed, and the transaction as a sale upon condition, which the grantor could defeat only by performance of the conditions on his part within the time limited for the purchase, and so entitle himself to a reconveyance of the property. *Robinson* v. *Cropsey,* 2 Edw. Ch. 138; Same case affirmed, 6 Paige, 480; *Holmes* v. *Grant,* 8 Paige, 243;

1 Jones on Mortgages, sec. 264; *Wright* v. *Cooper,* 35 Vt. 179; *Glover* v. *Payne,* 19 Wend. 518.

It follows, then, that when a conveyance is made, absolute in form, in satisfaction of a precedent debt, it can not take effect as a mortgage, although a contract of repurchase is given back as a part of the transaction, because the previous debt being extinguished, and no new one created, one of the essential attributes of a mortgage is lacking. *Conway* v. *Alexander,* 7 Cranch, 237; *McKinstrue* v. *Conly,* 12 Ala. 678; *Slowey* v. *McMurray,* 27 Mo. 113; *Hoopes* v. *Bailey,* 28 Miss. 328.

When a contract of repurchase, together with a deed, considered as one transaction, is inconsistent on its face with the theory of a mortgage, it must be treated as a deed and an agreement to sell. *Hanford* v. *Blessing,* 80 Ill. 188; 1 Jones on Mortgages, sec. 261; *Ford* v. *Irwin,* 18 Cal. 117; *Pitts* v. *Cable,* 44 Ill. 103; *Carr* v. *Rising,* 62 id. 14; *Hoopes* v. *Bailey,* 28 Miss. 328; 3 Leading Cases in Equity, (3d ed.) 644.

Mr. Justice Craig delivered the opinion of the Court:

This was a bill in equity, brought on March 19, 1880, by Charles A. Dole and Lyman D. Stevens, executors and trustees under the last will and testament of James McQuestion, deceased, against John C. Rue, in which the complainants claimed title in fee to certain premises on Clark street, in Chicago, under a deed from the defendant, Rue, bearing date March 17, 1878. The bill sought the cancellation of an agreement between the parties, of the same date of the deed, which provided that in case Rue should, on or before March 1, 1879, pay to them or their successors the sum of $69,046, and such other sums as they might, after the date of the contract, have expended on the property in insurance, taxes and repairs, then said executors would execute a quitclaim

deed for the premises to Rue. The defendant put in an answer to the bill, in which, in substance, he denied that the executors were seized of the premises, and set up that the deed and the agreement constituted but a mortgage on the premises. On or about the 1st day of May, 1880, the defendant filed a cross-bill, in which he, in substance, set up that the execution of the deed to complainants, the surrender and cancellation of the previous trust deeds and notes, and the giving of the written agreement for a deed, constituted a mortgage on the property, and he prayed to be allowed to redeem.

There is no substantial dispute between the parties in regard to the facts, except in regard to the value of the premises. It appears from the evidence that in 1869 McQuestion, the testator of complainants, made a loan of $30,000 to the defendant, Rue, and in 1872 he made an additional loan of $15,000, both of which were secured by deeds of trust on the premises. McQuestion died in 1875. No interest was paid on the loans after 1874. In the fall of 1877, interest and taxes having accumulated on the property to quite a large sum, the executors wrote the defendant that unless the interest on the trust deeds was paid they would be compelled to foreclose. The defendant replied that he preferred to make a deed rather than have a sale under the trust deeds, or a suit in court. After some correspondence and negotiation it was finally agreed that Rue and his wife should deed the premises to the executors, who would cancel the claims against Rue and give him a contract, under which he could repurchase on or before March 1, 1879. Under this arrangement the warranty deed of March 19, 1878, and the contract of same date, were executed. Before the execution of the deed and contract, the amount due the executors on the two loans was computed, and found to be, at the date of deed, $64,340, to which was added interest at the rate of seven and three-tenths per cent, making $69,046, which is the

consideration named in the deed and amount named in the contract. Upon the execution of the deed and contract the notes and deeds of trust were cancelled, and surrendered to the defendant, and the possession of the property was delivered to the executors. About the 25th day of January, 1879, Morey, at the request of the defendant, wrote the executors, asking an extension of time for three months for the payment of the amount named in the contract. On the 3d of February the executors replied, refusing an extension, of which the defendant was at once notified. After the executors had refused to extend the date of payment, on February 19 the contract was placed upon record.

These are in substance the facts, so far as it is necessary to state them in order to arrive at a proper understanding of the questions involved, and, under the facts, the question arises whether the deed upon which complainants rely is absolute, or whether the transaction of March 19, 1878, which resulted in the deed and contract, is to be regarded as a mortgage.

The deed purports upon its face to convey the premises absolutely, and the contract is a mere re-sale of the premises upon the payment of a certain sum at a specified time. So far, then, as appears from the terms of the deed and contract, there is nothing to indicate that the transaction was a mortgage. It is true that the deed was made in satisfaction of a debt which was secured by mortgage on the same premises, but a mortgagee has a right, if he thinks proper, and can agree with the mortgagor on the terms of purchase, to purchase the mortgaged premises. The mere fact, therefore, that this deed was made in satisfaction of a prior mortgage, does not make such deed a mortgage. Nor was there anything in regard to the surrounding circumstances to indicate that the deed was taken as a mortgage. Here was a large debt, long past due, with unpaid accumulated interest amounting to some $20,000. No taxes had been paid by the

mortgagor for four or five years. Under such circumstances it is but reasonable to suppose that the mortgagee would insist that the relation of mortgagor and mortgagee should terminate, and that the debt should be paid or the land sold in satisfaction of the debt. This is what the executors did, and rather than have the land sold on the deeds of trust or under decree of foreclosure, the mortgagor agreed to convey the land absolutely to the mortgagees, and take back a contract, as he no doubt thought there was a margin in the property, for a reconveyance, upon condition that he paid a specified amount within a day named.

There is nothing in the circumstances that surround the arrangement that tends to show that the parties intended that the relation of mortgagor and mortgagee should still continue. At the time this arrangement was made, the notes, which were the evidence of appellee's debt, were surrendered to the defendant, and the deeds of trust were cancelled of record, and surrendered; and as the past indebtedness was wiped out, there was nothing remaining for the supposed mortgage to secure, as it is an essential element of a mortgage that some obligation should exist to be secured. In 4 Kent's Commentaries, 136, we find this clear definition of a mortgage: "The conveyance of an estate by way of pledge for the security of debt, and to become void on payment of it." In 2 Bouvier's Law Dic. title "Mortgages," it is said: "A mortgage is a conditional conveyance of land, designed as security for the payment of money, or fulfillment of some contract, or the performance of some act, and to be void upon such payment, fulfillment or performance." Jones on Mortgages, sec. 16, says: "A definition broad enough to cover any view of the transaction, and any form of it, can only be that it is a conveyance of land as security." This embraces the two things essential to constitute a mortgage.

Here, when the deed was made the debt was cancelled and the notes were surrendered. No new note was given, nor

was there any agreement by Rue to pay the executor a single dollar. The contract given to him does not bind him to make any payment whatever, but it merely provides that the executor shall convey the premises to him, *provided he pays* a certain amount at a certain time. If, then, there was no debt due from Rue to the executors, how could the deed and contract be held to be a mortgage? The land could not be conveyed as security for a debt, because there was no debt to secure. Suppose the complainants had, after the deed and contract were executed, and after the time for a conveyance had expired, sued the defendant in an action at law to recover the amount of the original indebtedness, could the action have been maintained? We think not, for the reason the land was conveyed in satisfaction of the indebtedness. And where a plea of payment would operate as a bar to an action of that character, for the reason the conveyance had extinguished the debt, the transaction may be regarded as an absolute sale. Upon this point Jones on Mortgages says: "An absolute deed delivered in payment of a debt is not converted into a mortgage merely because the grantee therein gives a contemporaneous stipulation binding him to reconvey on being reimbursed, within an agreed period, an amount equal to the debt and the interest thereon. If the conveyance extinguishes the debt, and the parties so intended, so that a plea of payment would bar an action thereon, the transaction would be an absolute sale notwithstanding.. And so if there was, in fact, a sale, an agreement by the purchaser to re-sell the property within a limited time, at the same price, does not convert it into a mortgage." (1 Jones on Mortgages, sec. 267, and cases cited.) The same author, in section 326, announces the rule, that whatever presumption may arise that the transaction is a mortgage, where a deed has been given, and at the same time a contract for a reconveyance executed, may be repelled by any facts showing that the debt was surrendered and cancelled at the time of the

conveyance.   Here the debt was extinguished, and the relation of debtor and creditor no longer existed, and in our judgment there was no debt for a mortgage to operate upon. If there was no debt, it would be so inconsistent with the intention of the parties, judging from what they did, that it could not be held that the transaction was a mortgage.   The mere fact that a deed was executed, and a bond given for a reconveyance, does not stamp the transaction as a mortgage. *Pitts* v. *Cable*, 44 Ill. 103; *Hanford* v. *Blessing*, 80 id. 188.

But it is said complainants should have been required to render an account, and tender a deed, before they were entitled to a decree rescinding the agreement to convey.   If the transaction was not a mortgage, as we have seen it was not, no account could be required.   All moneys received from the property, as rents, by complainants, they were entitled to hold as owners, and all moneys disbursed for taxes, repairs, etc., were paid out in the same capacity, and hence they were under no obligation to account to the defendant.   Had the defendant been ready to perform the contract within the time prescribed, then, perhaps, under the terms of the contract, an account of the rents might have been required by him; but as he was not ready, and did not offer to perform the contract, no account could be required.   As to the tender of a deed, the contract did not require this to be done. By the terms of the contract, unless the defendant paid a certain amount by a specified time all rights he had by virtue of the contract terminated, and the contract, by virtue of its own provisions, became null and void.

It is also urged that complainants did not pay a fair or adequate price for the property, and that it is not equitable that they should use their position as mortgagees for the oppression of the defendant, in depriving him of the equity of redemption.   There is a conflict in the evidence as to the value of the property, but whether it was worth more or less than complainants paid we do not regard as a controlling

fact in the case. The arrangement under which complainants obtained a deed from the defendant, was made after mature deliberation by the defendant. No deception, fraud or oppression was used, but complainants acted honestly and fairly in the whole transaction, and when property is obtained under such circumstances, although its full value may not be paid, the contract must be sustained.

Counsel for defendant has referred to *Miller* v. *Thomas*, 14 Ill. 428, and *Harbison* v. *Houghton*, 41 id. 522, as having an important bearing on the case. It is true that in each of these cases the transaction was held to be a mortgage, but upon an examination the cases will be found entirely different from the case before us,—so much so that they can not be relied upon as a precedent to govern here. In the *Harbison case* notes were given for the debt, and in the *Miller case* there was an express covenant to pay, while here there is no obligation whatever resting on the defendant to pay any sum whatever. In other important respects the cases differed from this record, and while the rule there announced is correct under the facts of those cases, it can have no controlling influence here.

In conclusion, we find no ground for disturbing the decree of the circuit court, and it will be affirmed.

*Decree affirmed.*