**In re RUCKMAN.**

No. 2848.

District Court, E. D. Illinois.
March 21, 1936.

Robert P. Shonkwiler, of Monticello, Ill., for petitioner.

Gunn, Penwell & Lindley, of Danville, Ill., for trustees.

LINDLEY, District Judge.

Petitioner filed, on February 29, 1936, as a debtor under section 75 subsection (s) of the Bankruptcy Act as amended (11 U.S.C.A. § 203 (s), his petition and schedules and a petition for a temporary restraining order to enjoin the respondents William Schwenn, trustee, and Emma Gardner, trustee and conservator, and their beneficiaries from interfering with the possession and custody of certain real estate in Piatt county, Ill. Thereupon the court, without notice, entered the order prayed for, and the parties restrained have filed their motion to vacate the same and to dismiss the petition therefor for want of equity.

The debtor was formerly the owner of the land in question, and as such executed two mortgages, one upon one tract for $5.500 and one upon the other for $19,500. Said mortgages being in default, December 16, 1932, the debtor and his then co-owners of the lands conveyed tract 1 to William Schwenn, as trustee, and tract two to Emma Gardner, as trustee. Contracts executed at the same time provided, after reciting that the mortgages were in default, that the deeds were absolute conveyances of title, in effect as well as in form, and not intended as mortgages or trust conveyances or as security for debts of any kind, and that "the consideration therefor is the full release of all debts by the parties of the second part," meaning the mortgagees. The contracts made provision for cancellation of all evidence of indebtedness held, and further, however, that if the debtor should pay to the respective trustees all of the former indebtedness, represented by the canceled debts and interest and taxes thereafter accruing, on or before March 1, 1935, the premises would be conveyed to the debtor and his then co-owners. Under the contracts, the grantees in the deeds of conveyance agreed to rent the premises to the debtor as tenant upon the customary terms prevailing in the community where the lands lie. By supplemental agreements made February 26, 1935, the right of the debtor to make payment was extended to March 1, 1936.

By stipulation of the parties it appears that the debtor has been in possession of the land under lease as provided by the contracts ever since he conveyed the land; that his tenancy expired on February 29, 1936, the date he filed his debtor's petition; that he still resides on said premises, as such tenant; that he filed his petition as debtor, because the trustees had notified him that, unless he surrendered the premises, suit in ejectment would be begun; that the trustees have refused to make further extension of the contract and complain of the debtor's inefficiency as a tenant and point to the fact that a substantial part of his corn crop for 1935 remains in the fields unharvested.

The trustees assert that they are the owners of the land in fee simple; that the debtor is no longer indebted to them; that his indebtedness has been canceled; that his only interest is an option to repurchase the land within a certain time; that, that time having expired, he no longer has any interest in the premises except those arising out of his tenancy. The debtor contends, on the other hand, that the deeds and contracts amount to a mortgage which remains in force and effect; that he has a right under section 75 of the Bankruptcy Act as amended (11 U.S.C.A. § 203) to avail himself of the provisions of that act as a debtor farmer and retain possession of the land as in said act provided.

The pertinent provisions of the contracts have been recited. From them it appears that the debtor is no longer under any obligation to the trustees; that as a consideration for his conveyances all evidence of indebtedness against him was canceled; that he is under no obligation to pay any sums to the trustees; that he is now a tenant recognizing the trustees as lessors and has only an option which puts upon him no obligation to repurchase the premises. It seems clear in this situation that the debtor is the owner of no interest in the land and is not entitled to any relief under section 75 (s) of the Bankruptcy Act as amended.

In Kimmel v. Bundy, 302 Ill. 514, 135 N.E. 56, 57, the plaintiff had been indebted to defendant in a sum secured by mort-

994

gage upon certain land. In this situation he gave an absolute deed to the defendant, upon the agreement that the mortgage indebtedness was canceled. At the same time he received from the grantee a written contract, giving him the right to repurchase the land within a period of twelve months. This agreement was renewed from time to time but finally expired. The court held that there was no mortgage indebtedness and that the ownership of the grantees was unconditional. The court said: "Where premises are conveyed in satisfaction of a mortgage debt so that no recovery can be had on the original debt, the transaction must be regarded as an absolute sale notwithstanding the grantee may execute a contract for resale to the grantor within a given time. Rue v. Dole, 107 Ill. 275. One claiming a deed absolute in form is a mortgage must establish it by clear and convincing proof."

A similar situation existed in Caraway v. Sly, 222 Ill. 203, 78 N.E. 588, 589, where the complainant was given the right to redeem from the conveyance by paying the indebtedness, when he was able to do so, and enter into possession of the premises. There the court said:

"Two essential characteristics of a mortgage are a debt, legal liability, or obligation to be secured, and a conveyance with an intention to secure that debt, liability, or obligation. * * * Whether the instrument is in the form of a mortgage or of an absolute conveyance, if the intention is to secure the payment of money, the relation of debtor and creditor must exist, and there must be a debt to be secured, although it is not essential that there should be a conveyant or obligation in a mortgage creating a personal liability of the mortgagor or grantor to pay the debt. The fact that there is an agreement to reconvey does not render a conveyance a mortgage, but the essential things are the existence of a debt and the intention to secure its payment. Rue v. Dole, supra; Freer v. Lake, 115 Ill. 662, 4 N.E. 512; Burgett v. Osborne, 172 Ill. 227, 50 N.E. 206; Heaton v. Gaines, 198 Ill. 479, 64 N. E. 1081; Gannon v. Moles, 209 Ill. 180, 70 N.E. 689.

"In this case the attempt is to have a conveyance absolute in form declared to be a mortgage to secure the payment of money—or, in other words, to secure a debt—while the averments of the bill show that there was no indebtedness to be secured. The agreement stated in the bill was that the lands were to be held by Allen Sly until the complainant should be able to redeem them by paying the sums of money paid to him, with interest; that Sly knew complainant's financial embarrassment and that it would require much time for him to repay the money; that upon such payment Sly was to reconvey to the complainant; and that complainant had always been willing to pay, but had not been able to do so. There was a mere option to pay at some time in the future, if the complainant should be able to do so, and if he should become able it would be optional to pay, or not. Such an agreement would never be barred by lapse of time, and there never could be any foreclosure. The right to redeem and the right to foreclose are reciprocal (Fitch v. Miller, 200 Ill. 170, 65 N.E. 650), but the bill shows that there was no debt which could have been enforced against the land by foreclosure, either by Sly in his lifetime or by defendants since his death. An agreement giving the complainant a mere option to pay when he should be able and desire to do so, with an agreement to reconvey upon such a payment, did not constitute a mortgage, and the averments of the bill, if proved, would not entitle the complainant to any relief. The circuit court was right in sustaining the demurrer and dismissing the bill."

To similar effect are Kerting v. Hilton, 152 Ill. 658, 38 N.E. 941; DeVoigne v. Chicago Title & Trust Co., 304 Ill. 177, 136 N.E. 498; Williams v. Williams, 270 Ill. 552, 110 N.E. 876; Reeve on Mortgages, vol. 1, § 34.

I conclude, therefore, that the trustees are owners in fee simple of the land involved and that the debtor no longer has any interest therein; that he is no longer under any obligation; that he had a mere option to repurchase the premises, and that, the option having expired, he is without interest, and therefore not qualified to have administration thereof under section 75 (s) of the Bankruptcy Act as amended.

It might be well to observe that, if it were true that the deeds and contract constitute a mortgage, the mortgagees, under the laws of Illinois, because of default, have become the owners. In Wolkenstein v. Joseph Slonim et al., 355 Ill. 306, at page 309, 189 N.E. 312, 313, we find the following language: "It was long ago settled that a mortgagee has several remedies,

either or all of which he may pursue until the debt is satisfied. He may sue at law upon the note, or put himself in possession by ejectment after condition broken, or file a bill for foreclosure (Rohrer v. Deatherage, 336 Ill. 450, 168 N.E. 266; Vansant v. Allmon, 23 Ill. 30; Bradley v. Lightcap, 202 Ill. 154, 67 N.E. 45), or he may pursue each of said remedies at the same time. A mortgage conveys title as between the mortgagor and the mortgagee, but it is only a qualified title as security for the creditor during the existence of the debt. The mortgagor is regarded as the owner of the land for all beneficial purposes, subject only to the rights of the mortgagee. After condition broken, the mortgagee is, as between himself and the mortgagor, the owner of the fee, and he may maintain ejectment against the mortgagor or the owner of the equity of redemption. Upon default he has the right to possession against the mortgagor, his grantee, or any one claiming under him by any right."

Mr. Justice Cardozo in the recent decision of Tuttle et al. v. Harris et al., 56 S.Ct. 416, 417, 80 L.Ed. ——, on appeal from the United States Circuit Court of Appeals for the Seventh Circuit [In re Granada Hotel Corp., 78 F.(2d) 409], in discussing the rights of the mortgagee under section 77B of the Bankruptcy Act as amended (11 U.S.C.A. § 207), said: "A mortgagee after condition broken under the law of Illinois is the owner of a legal estate, and as such entitled as of right to the possession of the mortgaged premises."

Under the recent decision of the United States Circuit Court of Appeals for the Seventh Circuit in Re Lowmon, 79 F.(2d) 887, rules of property of Illinois are binding upon the federal courts, and neither the legislative nor the judicial department of the United States government may lawfully interfere therewith.

Consequently, if this be a mortgage, on condition broken the mortgagee is, under the law of Illinois, entitled to possession of the premises and entitled to enforce its remedies, irrespective of federal legislation. The doctrine of the Lowmon Case is binding upon this court until and unless the Supreme Court shall modify the same.

Accordingly, the restraining order heretofore entered is vacated, and the petition for restraining order and injunction is hereby dismissed for want of equity.