LEVI A. RICHARDSON *et al.*

*v.*

AMBROSE S. HADSALL.

*Filed at Ottawa May 10, 1883.*

1. WITNESS—*competency—defendant in chancery against an executor seeking a foreclosure.* On bill by an executor to foreclose a mortgage given to his intestate, a defendant, if a necessary party to the bill, is incompetent to testify as a witness to payments made by the mortgagor, his co-defendant, to the testator.

2. PARTIES—*on bill to foreclose.* On bill to foreclose a mortgage, all persons interested in the mortgaged premises should be made parties. A tenant in possession under the mortgagor is a necessary party defendant. If not made a party, his interest will not be cut off by the decree.

3. WRIT OF POSSESSION—*on failure to redeem from sale on foreclosure—and against whom.* Where no redemption is had from a foreclosure sale, the purchaser, after taking out a deed, is entitled to a writ of possession, but it can only be issued against the defendants in the bill, and those claiming under them, after the suit was commenced.

4. EVIDENCE—*credit indorsed on note may be explained.* An indorsement on the back of a note, of money received, is but a receipt for money, and open to explanation, the same as any other receipt. If a credit is indorsed for more money than was actually paid, the holder of the note may show that fact, and the true amount will be allowed, and no more.

5. GIFT—*proposed and intended gift not binding.* Where a man made an indorsement upon a mortgage due him from a third person, "I hereby agree to allow M. R., wife of A. R., a niece of mine, $1200 in my will, and if her equal share should not amount to that sum, to take the amount out of the whole pile," but died without making such provision in his will: *Held,* that this showed a clear intent to make a gift in the future by will, but so long as it was unexecuted, and based upon no consideration, it could not be binding on the party or his executor.

6.  CHANCERY—*decree making no disposition as to one defendant.* If
one of the defendants in a bill to foreclose a mortgage has no interest in the
subject matter of the litigation, the better practice is to dismiss him out of
the case on the final hearing; but if this is not done, and no decree is ·ren-
dered against him, he will be in no position to complain, as he is not injured
by the irregularity.

APPEAL from the Appellate Court for the Second District;
—heard in that court on appeal from the Circuit Court of
Will county; the Hon. F. GOODSPEED, Judge, presiding.

Mr. STEPHEN R. MOORE, and Messrs. W. H. & H. L. RICH-
ARDSON, for the appellants:

Alfred G. Richardson was not made a party to the origi-
nal bill, but was made so by the amended bill, to cut off his
testimony. He filed a disclaimer of any interest, and tes-
tified he had none. He was not a proper party, and was
competent to testify for his co-defendants. *Sproule et al.* v.
*Samuel et al.* 4 Scam. 135; *Dyer* v. *Martin et al.* id. 146;
*Smalley et al.* v. *Ellet,* 36 Ill. 500.

There was an indorsement of $2200 on the larger note,—
afterwards erased, and $1000 substituted; also, an indorse-
ment of $440.70, which was erased, and $343 substituted,
without the maker's consent. Like a receipt, if expunged,
the debtor will still have the benefit of it if he can establish
the contents. *Bryant* v. *Dyer,* 28 Ill. 188.

The fact that credits are indorsed on a note is not proof
of its payment, unless it be shown they were made by the
party owning the note, or by his authority. *Ray* v. *Bell,* 24
Ill. 444; 5 Mich. 171; *Ingraham* v. *Marshall,* 16 Ind. 444.

No decree was taken against Frank Richardson. This
should have been done, or he dismissed from the case, with
his costs.

Mr. G. W. BROWN, for the appellee:

Even if Alfred G. Richardson had not filed an answer after
his disclaimer, if a proper party to the suit, the decree would

go against him as a defendant, according to the nature of the case. (1 Barb. Ch. 172.) He being a proper party, his disclaimer would not render him a competent witness against a conservator or an executor, otherwise section 7, chapter 51, of the Revised Statutes, would be evaded with impunity. But his disclaimer was not under oath, as required, and was not signed by him in person.

.It is a rule of equity pleading that all persons having an interest in the subject matter of a suit in equity, which may be injuriously affected by its termination, are necessary, and must be made parties. *Hopkins* v. *Roseclare Lead Co.* 72 Ill. 373; *Smith* v. *Rotan,* 44 id. 506; *Hassett* v. *Ridgely,* 49 id. 197; *Alexander* v. *Hoffman,* 70 id. 114; *Moore* v. *Munn,* 69 id. 591; *Bruff* v. *Leder,* 5 Gilm. 210; *Spear* v. *Campbell,* 4 Scam. 424.

It is not pretended there was any other consideration for the credit of $2200 indorsed than $1000 paid. The testator intended to give Martha Richardson, wife of Amasa Richardson, $1200. This, at the most, was merely an unexecuted gift, and incomplete. *Blanchard* v. *Williamson,* 70 Ill. 647.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill to foreclose a mortgage, executed by Levi A. Richardson to William Hadsall, December 1, 1865, on certain lands in Will county, to secure the payment of two certain promissory notes, amounting to the sum of $2360.29. The defendants put in an answer to the bill, in which the execution of the notes and mortgage was admitted, but they set up certain payments which they allege extinguished the notes and mortgage, and leave a balance due them, amounting, in the aggregate, to $1362. The defendants also filed a cross-bill, in which they set up payment of the notes and mortgage, and they pray for a decree cancelling the mortgage, and also a decree against complainant for any amount

that may be found due defendants. The cause was referred to the master to state the account between the parties, and he filed a report showing that there was due complainant on the notes and mortgage, after deducting all credits due defendants, the sum of $2656.29. Exceptions were filed to the report, but were all overruled, and a decree of sale rendered for the amount found to be due complainant. This decree, on appeal, was affirmed in the Appellate Court.

Alfred G. Richardson testified to certain payments which defendants claim should be allowed on the mortgage, but the testimony of this witness was rejected by the court, on the ground that he was a party defendant, and interested in the event thereof, and this is relied upon as error. The witness was made a party defendant to the bill, and the admissibility of his evidence depended upon whether he was a necessary party. If he was, as complainant sued as executor, under section 2, chapter 51, of the Revised Statutes, he could not testify in his own behalf. If the witness had an interest in the mortgaged premises he was a proper party to the bill, as the rule is uniform, on a bill to foreclose a mortgage all persons interested in the mortgaged premises should be made parties. It is claimed by appellants that A. G. Richardson had no interest in the premises, but upon his cross-examination it appears that he has lived on the premises for a number of years, and the only reasonable conclusion to be reached from what he says, is, that he is a tenant in possession. If we are correct in this, he was a necessary party to the bill. He had an interest in the premises which the decree would not cut off unless he was a party. Upon a sale of the mortgaged premises, the purchaser, in case no redemption was made, would be entitled to a writ of possession. But a writ of possession could only issue against the defendants in the bill, and those claiming under them, after the suit was commenced, hence the necessity of making all persons in possession of the premises parties to the bill, in order that they

may be concluded by the decree, and the title divested, whatever it may be.

It is next urged that the master in chancery did not take into consideration the indorsements on the notes in making his report. This position is, no doubt, founded upon a misapprehension of the report. As we understand the report of the master, all credits on the notes were allowed. This will appear from the following statement contained in the report itself: "In stating the account and making the foregoing report he considered all the indorsements as they appear on the notes in controversy, and finds that said indorsements are included in and a part of the items claimed in the amended answer, and have been fully allowed (except the two items in statement marked 'B,' cash, 1877, $20, and Sept. 13, 1878, $15, which were indorsed on notes and not claimed in answer, but were allowed.)" If this statement is correct, as it seems to be from the credits allowed, then it is apparent that the master did allow defendants for all credits indorsed on the notes.

On January 30, 1874, William Richardson paid Hadsall, the mortgagee, on the mortgage indebtedness, $1000, and at the request of the mortgagee, S. R. Moore indorsed upon the larger one of the two notes a credit of $2200. Subsequently this was erased by the mortgagee, and in lieu thereof a true credit of $1000 was indorsed on the note. In stating the account the master allowed the defendants for the true amount actually paid, but refused to allow the $1200 claimed by the defendants, and this is relied upon as error. We perceive no meritorious ground upon which it can be held that defendants should be allowed for more than was actually paid upon the note. An indorsement of money received, upon the back of a promissory note, is but a receipt for money received, and open to explanation, as any other receipt, and if, as a matter of fact, the receipt was written for more money than was actually paid, complainant had the right to estab-

lish that fact on the trial, so that the court might allow the true amount paid. Indeed, the testimony in the record fully explains the transaction. Martha Richardson was a niece of the mortgagee, and she had purchased the mortgaged premises of her son, Levi Richardson. The mortgagee being a very old man, without wife or children, intended, no doubt, to make a gift of $1200 to his niece, to take effect in the future. This is evident from the indorsement made by the mortgagee himself on the back of the mortgage, on the same day Moore made the indorsement on the note. It is as follows: "I hereby agree to allow Martha Richardson, wife of Amasa Richardson, a niece of mine, $1200 in my will, and if her equal share should not amount to that sum, to take the amount out of the whole pile." Here was a clear intent to make a gift in the future by will, but so long as the proposed gift was unexecuted, and based upon no consideration, it could not be binding upon Hadsall or his executor,—in other words, the mortgagee proposed to give his niece $1200 by will, part of the note secured by mortgage, but as the intention to make the gift was never carried into execution, the proposition was binding on no one.

It is also contended that the decree is erroneous, because no order is made in regard to Frank Richardson, who was one of the defendants to the bill. If this defendant had no interest in the subject matter of the litigation, the better practice would have been to have dismissed him out of the case on the final hearing; but if that was not done, and no decree rendered against him, he is in no position to complain, as he has not been injured.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*