## Jennie E. Christie v. Bridget Burns.

1.  DECREES—*Are Binding Only upon the Parties.*—The interest of persons who are not parties to a suit, and with no decree entered against them, are not affected by the decree and by the order appointing the receiver.

2.  RECEIVERS—*Powerless as to Persons Not Parties or Privies.*—A receiver is powerless as against parties not within the jurisdiction of the court appointing him, and not claiming under rights *pendente lite* from parties over whom jurisdiction has been properly acquired.

3.  DEFICIENCY DECREES—*When a Receiver will be Appointed Under.*—Where there is a deficiency decree, unless it appears that injustice will thereby be caused, or some reason exists justifying expectation that the deficiency can be otherwise satisfied, the court may appoint a receiver to enforce its judgment and decree, where the mortgaged premises is insufficient security and the person liable of very questionable responsibility.   And this power exists where there are no express words in the mortgage giving a lien upon rents and profits.

**Appeal from an Order Appointing a Receiver,** entered by the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed in part, affirmed in part and remanded.   Opinion filed July 11, 1899.

W. C. SHIPNES, attorney for appellant.

ALBERT G. WELCH and KENNER S. BOREMAN, attorneys for appellee.

Christie v. Burns.

Mr. Presiding Justice Freeman delivered the opinion of the court.

This is an appeal from an order appointing a receiver in a foreclosure proceeding after sale of the property and a deficiency decree. The order directs the receiver to lease the premises, collect the rents, and out of the income " to pay all taxes, assessments and public charges duly and regularly levied " upon the premises described in the trust deed and sold to the complainant in the original bill under the decree of sale.

The bill was filed June 9, 1898, and service of summons was had upon appellant the 16th of the same month. Upon the hearing of the application for a receiver, appellant introduced in evidence a deed purporting to have been executed by her, dated and acknowledged June 2, 1898, but not filed for record until November 11th following, conveying to her brother, A. Ralph Johnstone, an undivided seven-eighths of the premises in controversy; also a deed conveying the remaining one-eighth to her brother, Balfour Johnstone, dated and acknowledged June 2, 1898, but not recorded. Neither of the Johnstones have been made parties to the foreclosure proceeding.

It is contended for appellant that the order appointing a receiver is erroneous, because it is said, it summarily takes away from the Johnstones the possession and enjoyment of the equity of redemption, they not being parties to the suit, not having been heard in opposition to the motion, and not being bound in any way by the foreclosure or decree.

It is sufficient to say that if erroneous, it is not so for the reason stated. Not being parties to the suit, and with no decree entered against them, their interest in the premises remains unaffected by the decree and unaffected by the order appointing the receiver. McIntire v. Yates, 104 Ill. 491, 503.

As was said in the case cited, they " may at any time * * * so far as the decree in this case is concerned, institute proceedings to establish their title if they have any."

In Richardson v. Hadsall, 106 Ill. 476, it was held that a writ of possession could only issue against the defendants in the bill to foreclose, and those claiming under them after the suit was commenced.    The same is true as to any equivalent order or decree, including an order appointing a receiver.    Such receiver is powerless as against parties not within the jurisdiction of the court appointing him, and not claiming under rights acquired *pendente lite* from parties over whom jurisdiction has been properly acquired.

If it is true, as claimed by appellee, that the Johnstones did in fact acquire title from appellant *pendente lite*, then they are as conclusively bound by the decree as if they had been parties to the foreclosure proceeding from the outset.    Norris v. Ile, 152 Ill. 190, 199.

But as against any one "not a party to the proceeding in which it (the decree) was rendered, and who does not claim under it but on the contrary adversely to it, we are unable to perceive on what principle it establishes anything as to him, outside of the mere fact that such a decree was rendered.    It is true, any one claiming title under it might, in an action of ejectment against one claiming adversely to it, offer it in evidence as a link in his own chain of title.    Subject to these limitations, we do not understand the decree is of any binding force upon any one who was neither party nor privy to it."    Scates v. King, 110 Ill. 456–464.

It is also said in that case, that this rule is not affected by failure of the claimant to put his deeds upon record before the commencement of the suit, because it appeared that before and during the pendency of that suit, he was in actual and exclusive possession, which was notice to the same extent.

In Republic Life Ins. Co. v. Swigert, 135 Ill. 150, 173, it is said :

" A receiver is the right hand and creature of the court of equity, and he has such powers as are conferred upon him, by the order appointing him and the course and practice of the court.    It will hardly be claimed, however, that the court of chancery, even with all its inherent powers, is authorized, in the absence of legislative sanction, to

Christie v. Burns.

clothe its receivers with power to seize and enforce a property right which belongs only to parties who are not before the court nor asking its assistance."

It is doubtless equally true that such right can not be enforced by a receiver against parties not before the court.

It is urged, however, in behalf of appellee, that the Johnstones acquired whatever title they have *pendente lite*. It seems to be supposed by counsel upon both sides of this controversy that this court will determine the question whether, from the showing made in affidavits filed and con-sidered by the chancellor upon the hearing of the petition for appointment of the receiver, the Johnstones did or did not acquire title *pendente lite*. But neither the trial court nor this court has authority to thus summarily determine the rights of parties claiming under deeds alleged to have been executed and delivered before the proceedings before us were instituted, and who claim to have been in possession of the premises ever since, when such parties have not been subjected to the jurisdiction of the court and can not be heard in their own behalf.

But it is said by appellant that it is plain the appointment of the receiver deprived the Johnstones of the possession of their property. This, as we have said, by no means follows, and they are not here complaining. If the Johnstones are in possession rightfully, then the receiver acts at his peril if he interferes. The order appointing him gives him no authority as against the rights of parties over whom the court has not acquired jurisdiction, and can not deprive the Johnstones of a rightful possession, if such they hold. Appellee may or the receiver can, if they choose, readily bring the Johnstones into court, and the question whether their alleged rights were acquired *pendente lite*, or whether they acquired any rights whatever under the deeds referred to, can be properly determined. On the other hand, if the receiver has interfered with their alleged possession wrongfully, the Johnstones can readily protect themselves, even summarily, if their confidence in the strength of their title warrants.

It is urged that the appointment of the receiver was erroneous, because not authorized in the trust deed nor justified by the showing made.

There was a deficiency decree, upon which an execution had issued, and which remained unpaid. Under these circumstances, unless it appears that injustice will thereby be caused, or some reason exists justifying expectation that the deficiency decree can be otherwise satisfied, the court may appoint a receiver for the same purpose that it issues an execution, namely, to enforce its judgment and decree where the mortgaged premises, being insufficient security, the person liable is of very questionable responsibility. And this power exists even where there are no express words in the mortgage giving a lien upon rents and profits. First Nat. Bank v. Illinois Steel Co., 174 Ill. 140, 149, and case there cited.

We think the appointment was justified by the language of the trust deed, and by the showing made upon the hearing of the application.

The order appointing the receiver directs the latter " to pay all taxes, assessments and public charges duly and regularly levied " out of the rents and income. This is erroneous. The grantor in the deed of trust or the owner of the equity of redemption, is entitled to receive the benefit of rents, issues and profits. Appellant is not in this case chargeable with payment of taxes for the purchaser at the foreclosure sale, except in case of redemption as provided by statute. Davis v. Dale, 150 Ill. 239.

For this reason the cause will be remanded to the Circuit Court, with directions to set aside so much of the order appointing the receiver as directs the payment of taxes, assessments and public charges. The remainder of the order is affirmed. Affirmed in part and reversed in part.