## Winfield S. Walker v. Albert T. Kersten, et al.

### Gen. No. 11,822.

1. RECEIVER—*when appointment of, after foreclosure sale, not improper.* The appointment of a receiver after a foreclosure sale is not improper merely because the trust deed provides that in case of default the trustee may take possession of the mortgaged premises, file a bill, and after the sale " pay all rents that may be collected before the time of redemption expires to the purchaser at such sale," where the terms of sale were fixed by the decree and provided that possession should be surrendered to the purchaser only at the expiration of fifteen months after the sale.

2. RECEIVER—*when appointment of, after foreclosure sale, proper.* The fact that a foreclosure sale resulted in a deficiency is, in the absence of special circumstances, ground for the appointment of a receiver, notwithstanding there were no express words in the mortgage giving a lien on the rents and profits.

3. BOND—*adverse party entitled to, upon appointment of receiver.*

Walker v. Kersten.

Where a receiver is appointed, the complainant should, in the absence of a special showing, be required to give a bond to the adverse party; a failure to require such bond is not reversible error where the appointment of the receiver was proper.

Foreclosure proceeding. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1904. Affirmed. Opinion filed July 12, 1904.

JAMES R. WARD, for appellant.

ALBERT H. MEADS, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellees filed their bill to foreclose a trust deed in the nature of a mortgage, given by Peter J. and Nels N. Johnson to appellee Mayer, trustee, to secure their note for $2,500 held and owned by appellee Kersten. Appellant, the owner of the equity of redemption in the mortgaged premises, was made a defendant and answered the bill. There was a decree of foreclosure and a sale of the mortgaged premises by a master which resulted in a deficiency of $432.67 and upon the confirmation of the report of sale the court appointed a receiver of the mortgaged premises and the defendant Walker appealed from the order.

It is contended that the order appointing a receiver is erroneous because the trust deed provides that in case of default in the payment of the note, the trustee may take possession of the mortgaged premises, file a bill, obtain a decree of sale and after the sale "to pay any rents that may be collected before the time of redemption expires to the purchaser at such sale." This contention cannot be sustained. The terms of the sale were fixed by the decree and it provided that possession should be surrendered to the purchaser only at the expiration of fifteen months after the sale. Davis v. Dale, 150 Ill. 239.

It is further contended that the appointment of a receiver is erroneous because not authorized by the trust deed nor justified by the showing made. In Christie v. Burns, 83 Ill. App. 514, we held that the fact that the sale

of the mortgaged premises by the master under the decree resulted in a deficiency, was, in the absence of special circumstances, sufficient to authorize the appointment of a receiver; and that the power to appoint a receiver exists when there are no express words in the mortgage giving a lien on the rents and profits. Bank v. Ill. Steel Co., 174 Ill. 140, 149.

Finally, it is contended that the order appealed from is erroneous because the complainant did not give bond to the adverse party as required by section 1 of the Act of 1903, " concerning the appointment and discharge of receivers," nor was any cause shown why a receiver ought to be appointed without such bond. In this we think the court erred. But the error was not harmful. The statute provides that the complainant shall give a bond to the adverse party conditioned to pay all damages, etc., " in case the appointment of such receiver is revoked or set aside." Hurd's R. S., ed. 1903, p. 231. The case was a proper one for the appointment of a receiver. The order appointing a receiver, therefore, will not be set aside or revoked, and there could be no recovery by appellant on the bond if one had been given.

The order appointing a receiver will be affirmed.

*Affirmed.*