David Jetzinger, Appellee, v. Consumers Sanitary Coffee & Butter Stores, Appellant.

Gen. No. 35,713.

Heard in the third division of this court for the first district at the February term, 1932. Opinion filed December 21, 1932.

HENRY J. & CHARLES AARON, for appellant; FRANKLIN RABER, of counsel.

H. J. ROSENBERG, for appellee; ABRAHAM MILLER and ISADORE FISHMAN, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

The defendant appeals from a judgment for $125 entered against it in the municipal court of Chicago in a suit by the plaintiff to recover $175 as rent, and $4.40 per month for street lights. The plaintiff claimed that this amount had accrued to him for the month of April, 1931, under a lease entered into on January 7, 1929, between one Peter G. Maniates, as lessor, and Consumers Sanitary Coffee & Butter Stores, as lessee, for a term of three years, beginning March 1, 1929, and ending February 29, 1932.

The pleadings of the parties were not questioned as to the sufficiency of the statement of claim and affidavit of merits. The case came on for trial before the court, without a jury, resulting in a finding and judgment against the defendant in the sum of $125.

There is no real conflict in the evidence in this case. The evidence is largely of a documentary character. There is a dispute upon the question of attornment by the defendant after the issuance of the master's deed conveying title to the plaintiff.

The facts in the instant case are that the plaintiff acquired title to the premises by a master's deed pursuant to a decree of foreclosure of a trust deed dated December 22, 1927, given to secure an indebtedness owing by one Peter G. Maniates, who was the owner

of the property. The plaintiff was the complainant in that proceeding, and he charged in his bill of complaint that the defendant in the instant case had, or claimed to have, an interest in the premises as a tenant or otherwise, but that such interest was subsequent and subordinate to the prior lien of the trust deed. The defendant here was made a defendant in the foreclosure proceeding and was defaulted for want of appearance and answer and the bill of complaint taken as confessed against the defendant. The decree in the foreclosure proceeding, among other things, finds that the lien of the trust deed foreclosed is prior, superior and paramount to the rights and interests of all the defendants in the premises (including Consumers Sanitary Coffee & Butter Stores), and directs a sale of the premises to satisfy the amount due the complainant. The court in the foreclosure proceeding further finds that in the event of a sale and failure to redeem by some one or more of the defendants, the defendants will be forever barred and foreclosed from all equity of redemption; that upon the execution and delivery of the master's deed, the grantee be let into possession of the premises; that all the parties to the cause who may be in possession, and any person claiming under them since the commencement of the suit shall, upon the production of the master's deed and the service of a certified copy of the decree, surrender possession to the grantee.

During the pendency of the foreclosure proceeding Oscar Beederman was appointed receiver to collect the rents from the defendant in the instant case for the occupancy of part of the premises. The last payment by check was made by the defendant, payable to Beederman, to cover the rent for the month of March, 1931, and this payment was made, as it appears from the record, after the master's deed was issued to the plaintiff. The check was received by Beederman, indorsed by him, and delivered to the plaintiff.

There is evidence to the effect that the plaintiff engaged Oscar Beederman, the same person who was the receiver, to act as agent for the plaintiff company to collect the rent and manage the premises. The defendant's evidence as to this appointment is that it did not know that the plaintiff was the owner of the premises on March 2, 1931, when the defendant made the check payable to Oscar Beederman, and it had no knowledge that Beederman was not acting as receiver but was acting as agent for the plaintiff at the time of this transaction.

Sometime after this rent transaction, Mr. Buckley, secretary of the defendant, called upon the plaintiff and asked for a reduction of rent and told the plaintiff that the company's lawyers had advised him that the company would have a right to move, but if the rent was reduced to $125 per month, the company would stay in the premises. This was denied by the plaintiff, who insisted upon his rights under the lease between Maniates and the defendant; and as a result of this conference the defendant vacated the premises and surrendered possession on March 31, 1931.

The questions to be considered from this record, are:

(1) Is the defendant liable to the plaintiff under the facts in the instant case; and

(2) Was there an attornment to the plaintiff by the defendant by reason of the payment of the March, 1931, rent to the plaintiff after the issuance of the master's deed.

The generally accepted rule is that a mortgagor in possession after the execution of the mortgage, cannot give a lease to a third person which will have any effect as against the mortgagee, and such a lease does not of itself create the relation of landlord and tenant between the lessee and the mortgagee. There is in such a case no privity of estate or contract between the mortgagee and the lessee of the mortgagor.

*Greenebaum Sons Bank & Trust Co. v. Kingsbury,* 248 Ill. App. 321. The further rule of law, which was adopted by the Supreme Court in the case of *Gartside v. Outley,* 58 Ill. 210, and which is applicable in the instant case, is that "It is more in harmony with the analogies of our law, to hold that it will require a special agreement, to make valid and to effectuate the extension of a lease executed by the mortgagor."

The lease entered into with Maniates will be considered, by reason of the decree entered in the foreclosure proceeding, as one made subsequent to the execution of the mortgage by Maniates.

From the decree it is evident that there is no privity of contract between the plaintiff and the defendant, and therefore the plaintiff cannot recover rent under the lease executed by the mortgagor Maniates. If, however, the tenant under the Maniates lease had accepted a lease from the plaintiff, or if the defendant by an act had indicated a willingness to hold the premises under the plaintiff's title as his tenant, there could have been a recovery. Tiffany on Landlord and Tenant, Volume 1, page 417.

There was no new lease executed between the plaintiff and the defendant. Upon this question the only evidence in the record is the payment of the month of March, 1931, rent to one Beederman, hereinbefore mentioned, and that thereafter the defendant, by one of its officers talked with the plaintiff about a new rental, which offer was refused by the plaintiff.

There are certain reciprocal rights between the plaintiff and the defendant, and in this case the defendant offered to lease the premises. The plaintiff, however, had the right to refuse, and did refuse defendant's offer. The lease between the defendant and the mortgagor Maniates of itself does not create the relation of landlord and tenant between the plaintiff, the mortgagee, and the defendant, the lessee of the mortgagor. This is clear from the decree. The contention

of the plaintiff that his rights are fixed by the lease of the mortgagor and that the fact of the payment of March, 1931, rent, above mentioned, is a recognition by the defendant of the existence of this lease. This contention of the plaintiff cannot be maintained by the facts and the law. No conduct on the part of the defendant has continued for a sufficient length of time, such as the payment of rent, or any other act, which could be construed as an affirmance of this lease.

Upon the second point, an attornment by the defendant—if there was a privity of contract with the plaintiff—is not essential to the right of recovery for the rent due. Sec. 14, ch. 80, Landlord and Tenant, Cahill's Ill. Rev. Stats. 1931, ¶ 14. *Barnes v. Northern Trust Co.,* 169 Ill. 112.

The judgment for $125, entered by the court, is not supported by the record, and is accordingly reversed and the cause remanded.

*Reversed and remanded.*

WILSON, P. J., and HALL, J., concur.