Thomas D. Collins et al. v. John M. Pratt et al.
Logan L. Mullins and George D. Crowley, Receivers of Association of Real Estate Taxpayers, Appellees, v. Appeal of Ferre C. Watkins and Perry J. TenHoor, Individually and as Partners, Trading as Watkins & TenHoor, Appellants.

Gen. No. 37,225.

Opinion filed February 7, 1934.

BARTHELL & RUNDALL, for appellants; CHARLES O. RUNDALL and THEODORE C. DILLER, of counsel.

JOHN C. MELANIPHY, for appellees.

MR. JUSTICE HEBEL delivered the opinion of the court.

This cause is in this court upon an interlocutory appeal from an injunction order entered on October 6, 1933, restraining the defendants, Ferre C. Watkins and Perry J. TenHoor, individually and as partners under the name of Watkins & TenHoor, from enforcing two judgments obtained in the municipal court of Chicago and from proceeding to trial in one of these causes where leave had been given to the defendants therein to appear and defend.

The original bill of complaint was filed on February 14, 1933, by seven directors and the Association of Real Estate Taxpayers, as complainants, to restrain six of the remaining seven directors as defendants from participating in or calling a meeting of the members of the Association, to restrain the defendants Messrs. Pratt and Stover from performing their duties as president, secretary and treasurer, respectively, of the Association, and to restrain its directors from making radio broadcasts for the Association, from holding or taking possession of the assets of the Association; to cancel a contract with defendant Pratt as general manager of the Association, and for the appointment of a receiver for the Association.

The issues raised by the bill of complaint and the cross-bill and the answers thereto, and the supplemental bill filed by the complainants on September 21, 1933, are now pending. In the supplemental bill of complaint, Ferre C. Watkins and Perry J. TenHoor were named as additional parties defendant, both as individuals and as partners, doing business as Watkins & TenHoor.

On the same day that the supplemental bill was filed, the court, without notice and without bond, entered an order restraining the defendants Watkins and Ten-Hoor from proceeding to trial in the municipal court of Chicago, in cause No. 2766401, and from enforcing two judgments entered against the Association of Real Estate Taxpayers. The defendants before this court filed a motion to dissolve this injunction.

On September 23, 1933, an order was entered in the superior court of Cook county appointing Logan L. Mullins and George Crowley receivers to collect the assets and property of the Association of Real Estate Taxpayers. The receivers qualified by each filing an individual bond in the sum of $25,000, which bonds were approved and ordered filed by the court.

On October 2, 1933, the receivers filed their petition for a restraining order against the defendants Watkins and TenHoor to enjoin them from taking further action in the prosecution of suits, and from attempting to enforce the judgments entered in the municipal court of Chicago against the above named Association, of which the petitioners are the receivers, by a levy upon the assets of said Association until the further order of the court.

On October 6, 1933, an order was entered, in part, as follows:

"It is ordered that the injunction order heretofore entered herein on September 21, 1933, on said Ferre C. Watkins and Perry J. TenHoor, restraining said parties from proceeding on said judgments in the Municipal Court of Chicago until the further order of court, be dissolved, and the order of September 21st, 1933, is hereby dissolved, vacated and set aside." On the same day a further order was entered, which is substantially as follows:

"The matter coming on to be heard upon the verified petition of Logan L. Mullins and George Crowley, receivers heretofore appointed and qualified to take

possession of the assets of Association of Real Estate Taxpayers, an Illinois corporation, and administer the estate of said Corporation under the direction of this court, and due notice having been had, and the court having considered said petition and having heard arguments of counsel. . . .

"It is ordered that a writ of injunction issue and that said Ferre C. Watkins and Perry J. TenHoor, individually and as partners under the name of Watkins & TenHoor, and each of them, their agents, servants, employes, solicitors and attorneys, be and they hereby are enjoined and prohibited from proceeding with the trial in the cause of Ferre C. Watkins and Perry J. TenHoor v. Association of Real Estate Taxpayers, pending in the Municipal Court of Chicago, cause No. 2766401, and from enforcing or attempting to enforce any judgment therein rendered, including a pending garnishment proceeding against the Northern Trust Company, based thereon, and from issuing or levying execution upon said judgment or upon a certain judgment rendered in the case of Ferre C. Watkins and Perry J. TenHoor v. Association of Real Estate Taxpayers, in the Municipal Court of Chicago, in cause No. 2766814, and from instituting any other proceeding or proceedings in their own behalf against the Association of Real Estate Taxpayers, until further order of this Court."

The petition of the receivers filed by leave of court sets forth in substance that Watkins and TenHoor filed a suit in the municipal court of Chicago against the Association on the 16th day of May, 1933, in cause No. 2766401, wherein Watkins and TenHoor sought to recover a balance on an alleged contract for attorney's fees, and caused summons to be issued, which was served on May 16, 1933, by delivering a copy thereof to James E. Bistor, one of the defendants in the above entitled cause, and the president of the Asso-

ciation; that Bistor was not served at the offices of the Association, but was served by a bailiff of the municipal court of Chicago, according to direction, at his private office; that on the 25th day of January, 1933, by resolution adopted by the board of directors of the said Association, Bistor was suspended as president, and, by an order entered in the above cause was enjoined from acting as president of the said Association; that Ferre C. Watkins and Perry J. TenHoor conspired with Bistor to cause said suit to be filed and service to be made upon Bistor, and default to be made in order that judgment might be entered in favor of Watkins and TenHoor by default, and thereby enable the defendants to wrongfully and improperly secure part of the assets of the Association of Real Estate Taxpayers; that default was entered against the Association of Real Estate Taxpayers in said cause on the 31st day of May, 1933, and judgment was entered in the municipal court of Chicago in favor of Ferre C. Watkins and Perry J. TenHoor for $19,-079.16 and costs, which judgment was entered without notice or knowledge of the Association, and the Association only learned of the entry of the judgment on the first day of June, 1933, when it was informed by the Northern Trust Company that the Trust Company had been served with garnishee summons; that upon entry of the default judgment, Watkins and TenHoor caused execution to be issued, and at their request to be returned unsatisfied by the bailiff of the municipal court of Chicago, and immediately caused garnishment proceedings to be instituted and garnishee summons to be served; that the Association had on deposit in its name $18,098.28 with the Northern Trust Company; that thereafter the complainants in the original proceedings filed a petition in the municipal court of Chicago to vacate the judgment and for leave to defend, and on July 19, 1933, leave to defend was

granted, and that the petitioners believe that the Association has a good defense.

It is further stated in the petition that the petitioners are now acting as receivers, seeking to preserve the assets of the Association; that petitioners oppose the position of said Watkins and TenHoor that they are entitled to attorney's fees or any sum in addition to the $154,100 already received by them as fees, and the defendants knowing that the officers of the corporation could not function, did on the 10th day of July, 1933, file another suit in the municipal court of Chicago against the Association in Case No. 2766814 for legal services alleged to have been performed from March 1, 1933, to June 16, 1933, for the sum of $19,000 and caused summons to be issued and served upon Henry Hedberg, director and vice president of the Association, said service being made at the office of the private business conducted by the said Henry Hedberg; that Hedberg failed to notify any of the parties to this suit or any of the officers or directors of the Association, of the pendency of said suit, and thereafter on the 25th day of July, 1933, said Watkins and TenHoor secured in said cause, by reason of the default of the Association, a judgment in the sum of $19,000 and costs; and that the Association has a defense. The defense is fully stated in the petition.

A demurrer was filed on October 13, 1933, by the defendants Watkins and TenHoor, to the bill of complaint and the supplemental bill filed herein.

The defendants before this court suggest that the order appointing the receivers is void for the reason that in the absence of statutory authority, courts of equity have no power to dissolve corporations or to appoint receivers therefor, as prayed for in the supplemental bill. In the consideration of this question the pleadings are material, and of necessity the bill of complaint, the supplemental bill of complaint which

submits facts that accrued subsequent to the filing of the bill of complaint, and the cross-bill, all of which will only be considered by the court upon this appeal, in order to determine from the facts stated whether the chancellor was without jurisdiction to enter the order appointing the receivers.

Upon final hearing, the chancellor may not grant all the relief asked for, but it is the practice for the chancellor to grant such relief as equity requires, and the fact that relief is asked for and granted only in part does not deprive the chancellor of jurisdiction. To confine the court to the pleadings to the extent that because part of the relief prayed for is not justified by the evidence and legal principles and therefore necessitates a dismissal of the bill, would work an injustice, when it appears that the party complaining is entitled to some relief as prayed for in his bill. In this case, the appointment of the receivers with power to care for and preserve the assets of the Association was warranted by the pleadings. *Merrifield v. Burrows*, 153 Ill. App. 523.

The defendants base their contention upon the supplemental bill of complaint. The bill of complaint prays for the appointment of a receiver. Upon the facts charged, the court would be warranted in making the appointment. Counsel for the respective parties have fully argued the case upon its merits. This court upon an interlocutory appeal will consider only the order appealed from and determine from the record whether the court had jurisdiction of the parties and the subject matter, and was warranted in entering the order appointing the receivers.

In this case it fully appears that the order for the appointment of a receiver was at the request of all the parties—complainants and defendants—except the defendants Watkins and TenHoor, who, however, were present in court.

The necessity of preserving the assets of the Association is apparent from the pleadings. This court is not prepared to pass upon the merits of the controversy; that is for the trial court. It is the duty of this court to determine from the whole record whether the order was properly entered.

The final question to be determined is: Did the trial court err in entering the restraining order of October 6, 1933, without requiring bond in double the amount of the judgments enjoined? Cahill's Ill. Rev. St. ch. 69, ¶ 8, upon the question of furnishing a bond in a case of this character, provides, in part, as follows:

"Before an injunction shall issue to enjoin a judgment, the complainant shall give bond to the plaintiff therein, in double the amount of such judgment, with sufficient surety approved by the court, judge or master, conditioned for the payment of all moneys and costs due to the plaintiff in the judgment, and such damages as may be awarded against the complainant in case the injunction is dissolved."

The order before this court upon appeal does not provide for a bond, and it appears that the order entered excuses the receivers from giving any bond, and finds that the bond is not required by law.

The first observation to be made from an examination of the statute is that where a judgment is enjoined, the complainant shall give bond to the plaintiff in the action in double the amount of the judgment. Strictly speaking, the receivers herein are not complainants, but as officers of the court seek to preserve the assets of the Association of Real Estate Taxpayers, which were in danger of being sequestered by the appealing defendants upon execution issued at their direction to collect the judgments entered in the municipal court. The receivers have no personal interest which would obligate them to pay the judgments

in favor of the defendants, but being officers of the court and obligated to protect the assets of the Association against seizure they called the attention of the court to the acts that have taken place, and thereupon the court enjoined the defendants from further proceeding in the collection of the judgments. The court under such circumstances will protect the receivers from the acts of persons interfering with their possession of the assets, the subject matter of this litigation, and the court will prevent impairment and defeat of the just exercise of its undoubted jurisdiction to protect and enforce its lawful orders and to preserve the title made by it under these orders, and the statute requiring bond has no application. *Swift v. Black Panther Oil & Gas Co.,* 244 Fed. 20; *Phoenix Foundry & Machine Co. v. North River Const. Co.,* 33 Hun (N. Y.) 156. 32 Corpus Juris, page 311; 53 Corpus Juris, page 113. In the *Phoenix* case the following pertinent statement is made in reference to a restraining order, which statement is applicable to the case before us:

"An order of that nature, being for the protection of the fund which the court has in its possession through its receiver, is not subject to every provision of the statute and of the rules of court which apply to injunction orders granted upon the application of a party for the protection of his individual rights. It is properly made in the action in which the receiver is appointed, and a creditor who attempts to interfere with the fund by unnecessarily subjecting it to the costs of an action to enforce his claim, cannot set up that order is ineffectual as to him because not made in his own action. If there are controversies to be litigated, or accounts to be adjusted, between such creditor and the corporation, all can be done on the investigation of the claim in the winding up suit, and the creditor is a party to that suit, through his repre-

sentative, the receiver. In short, the order is made in the exercise of the inherent power of the court to protect its receiver and the fund in his hands, and is not a creature of the Code."

In further support of the rule referred to in our opinion, we quote from the case of *Swift v. Black Panther Oil & Gas Co., supra,* as follows:

"But the restraining order and injunction in this· case were issued by the court below, in lieu of proceedings for contempt of that court, to prevent the impair· ment and defeat of the just exercise of its undoubted jurisdiction to protect and enforce its lawful orders and to preserve the title made by it under them. The unlawful interference of Mr. Swift with the enforcement of the just orders and the preservation of the lawful titles made by the court below was a contempt of that court, and, if continued, might well have been punished as such. The issue of the injunction was but a milder method of protecting its jurisdiction, orders, and titles from unlawful impairment. There is nothing in section 18 to indicate, and, until that intention is clearly expressed, it cannot be presumed that the Congress intended thereby to limit or condition in any way the power of the federal court by means of its injunction, any more than by means of proceedings for contempt, to preserve and protect its jurisdiction, acts or titles from unlawful impairment or destruction. . . . Moreover, Mr. Swift has sustained no loss or injury from the absence of the bond, for the condition of it would have been to pay such costs and damages as he would have suffered if he should be found to have been wrongfully enjoined or restrained, and he is found to have been rightfully enjoined and restrained. If now this court were to reverse the order and decree for the injunction, that act would be a futile one, for, in view of the opinions of the court

below and of this court, the former would undoubtedly immediately issue another like injunction.''

This court in passing upon the question of failure of the court to require a bond in a somewhat analogous case, held that where the court, on appeal, approves the order for an injunction, the failure to require bond is not harmful. *Walker v. Kersten,* 115 Ill. App. 130. The statute provides that the condition of the bond shall be the payment of all moneys and costs due to the plaintiff in the judgment, etc., in case the injunction is dissolved, and the court in the case of *Walker v. Kersten, supra,* said:

''Finally, it is contended that the order appealed from is erroneous because the complainant did not give bond to the adverse party as required by section 1 of the Act of 1903, 'concerning the appointment and discharge of receivers,' nor was any cause shown why a receiver ought to be appointed without such bond. In this we think the court erred. But the error was not harmful. The statute provides that the complainant shall give a bond to the adverse party conditioned to pay all damages, etc., 'in case the appointment of such receiver is revoked or set aside.' Hurd R. S., ed. 1903, p. 231. The case was a proper one for the appointment of a receiver. The order appointing a receiver, therefore, will not be set aside or revoked, and there could be no recovery by appellant on the bond if one had been given.''

The receivers appointed by the court are only seeking to protect the assets of the Association, and, in passing the statute, it was not the intention of the legislature to require the receivers, appointed to take possession of and preserve the assets of a person or a company, to give a bond in double the amount of the judgment, in order to prevent a levy upon the assets in the hands of the receivers.

472

We have considered the questions involved in this litigation, and do not find that there is any error which would justify a reversal of the order entered by the trial court and appealed from by the defendants Watkins and TenHoor. The order is accordingly affirmed.

*Order affirmed.*

HALL, P. J., and WILSON, J., concur.