ENOCH SILVERSTEIN *et al.*, Plaintiffs-Appellants, *v.* DONALD S. SCHAK *et al.*, Defendants-Appellees.

Second District    No. 81-693

Opinion filed July 8, 1982.

Andrew J. Maxwell and Eric N. Macey, both of Levy and Erens, of Chicago, for appellants.

B. G. Stone, of James B. O'Brien and Assoc., of Chicago, for appellees.

JUSTICE VAN DEUSEN delivered the opinion of the court:
Plaintiffs, Enoch Silverstein and Sidney Silverstein, who were trustees of 18 trusts collectively doing business as Commercial Coin Laundry Systems (Commercial), filed their two-count complaint against defendants Donald S. Schak, Gerda Schak, and Donald Crotty for injunctive relief and specific performance. The action arose from alleged breaches and interferences with the quiet enjoyment of a certain lease of a laundry room upon premises at 1037 Howell Plaza, Aurora, Illinois, an apartment

complex. The defendants, beneficiaries of a trust which presently owns the premises, filed a motion to dismiss pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48). In the motion, they purportedly raised an affirmative matter which would defeat plaintiffs' claims. In support of their motion, defendants attached a copy of the mortgage for the complex, and the affidavits of Homer Offutt, Aurora Township Assessor; James R. Little, president of Earl Little & Son, Inc., the lessor in the lease upon which plaintiffs base their claims; Clement Novak, mortgage loan officer of Great American Federal Savings & Loan Association; and the defendants, Donald S. Schak, Gerda Schak, and Donald Crotty. Plaintiffs did not file any counteraffidavits.

The trial court granted defendants' motion to dismiss both counts of the complaint, but also found that a year-to-year lease did exist between the parties and granted plaintiffs leave to amend their complaint to conform with that finding of fact. Plaintiffs did not file an amended complaint but chose to stand on their original complaint. Upon their motion for a finding of a final and appealable order, the trial court found that there was no just reason for delaying appeal from its order dismissing the complaint. Plaintiffs thereupon filed their notice of appeal.

The single controlling issue on this appeal is whether plaintiffs' seven-year lease, originally entered into on November 12, 1973, with Earl Little & Son, Inc. (Little), as lessor, remained fully binding and enforceable upon defendants who purchased the property following a foreclosure proceeding. Plaintiffs, as tenants in possession, were not made parties to the foreclosure action, and plaintiffs, therefore, contend their lease is still valid and enforceable.

Defendants contend that the rights of the mortgagee to which they succeeded were superior to those of the plaintiffs because the mortgage predated the lease and that the actions of the mortgagee in entering upon and taking possession of the premises for a condition broken terminated the lease upon which plaintiffs base their complaint.

In making the motion to dismiss, it is a general rule that defendants admit as true all facts well pleaded in the complaint (*LaMonte v. City of Belleville* (1976), 41 Ill. App. 3d 697, 704), but not conclusions of fact unsupported by specific facts (*Zaborowski v. Hoffman Rosner Corp.* (1976), 43 Ill. App. 3d 21, 25). However, under a section 48 motion to dismiss, a defendant is permitted to raise as grounds in support of his motion facts which do not appear on the face of the complaint by means of affidavits. (Ill. Rev. Stat. 1979, ch. 110, par. 48.) Since plaintiffs did not file any counteraffidavits, the facts alleged in defendants' affidavits must be taken as true (*D'Urso v. Wildheim* (1976), 37 Ill. App. 3d 835, 839), and this generally remains true, even though the complaint is verified (*Central Clearing, Inc. v. Omega Industries, Inc.* (1976), 42 Ill. App. 3d 1025, 1028.)

In this matter, however, we discern no conflict between the facts well pleaded in the complaint and the facts alleged in defendants' affidavits. The undisputed facts which we garner from the complaint and defendants' affidavits appear to be as follows. On June 27, 1972, Aurora National Bank, as trustee of trust No. 1074, conveyed a first mortgage for the premises in question to Oak Park Federal Savings & Loan Association. Earl Little & Son, Inc. (Little), was the beneficiary of trust No. 1074. On or about November 12, 1973, Little entered into the lease in question with Commercial.

Under the terms of the mortgage, in case of default, the mortgagee had authority either before or after foreclosure sale to enter upon and take exclusive possession of the premises, to make leases, terminate or modify existing or future leases, and collect rents. After entering into the mortgage, Oak Park Federal Savings & Loan Association, the mortgagee, changed its name to Great American Federal Savings Association (Great American). On or about June 1, 1977, Great American, as mortgagee, commenced foreclosure of its mortgage. For a period of time during the foreclosure proceedings, Great American entered the demised premises, operated and managed the complex, and began collecting rents. While in possession, Great American did not enter into any written or oral lease agreement with Commercial. Subsequent to the foreclosure proceeding, Great American transferred title to the foreclosed premises to a subsidiary, Interjacent Corporation. Interjacent subsequently sold the foreclosed property to Donald Schak and Gerda Schak. Donald Schak, Gerda Schak and Donald Crotty are presently beneficiaries of the trust which now holds title to the premises in question. Neither the defendants nor their agents have ever entered into a written or oral lease with Commercial.

Plaintiffs' assertion that Commercial's lease is still in full force and effect is premised upon its contention that Commercial's right to possession as a tenant under a written lease was not affected by the mortgage foreclosure proceedings to which it was not made a party. Illinois law does provide that ordinarily tenants in possession are necessary parties to a foreclosure action (*Richardson v. Hadsall* (1883), 106 Ill. 476, 479; *Chicago Title & Trust Co. v. Exchange National Bank* (1974), 19 Ill. App. 3d 565, 569; *South Side Bank & Trust Co. v. Sherlock Homes, Inc.* (1955), 6 Ill. App. 2d 138, 143), and defendants do not contest that principle of law.

What plaintiffs fail to recognize is that the defendants do not assert that plaintiffs' rights under the lease were in any way affected by the foreclosure judgment or that they are claiming rights against plaintiffs arising from the foreclosure proceeding. Rather, defendants assert that it was the mortgagee's entry upon the premises for a condition broken that

terminated the lease between Commercial and Little, not the foreclosure proceeding.

The trial court so held, and we agree.

■■■ The lease between Commercial and Little was executed subsequent to the execution of the mortgage. After the execution of a mortgage, the mortgagor, in this case, Little, could not execute a lease that would prevail against the mortgagee's rights without the mortgagee's consent. (*West Side Trust & Savings Bank v. Lopoten* (1934), 358 Ill. 631, 641; *Rohrer v. Deatherage* (1929), 336 Ill. 450, 454-55; *Jetzinger v. Consumers Sanitary Coffee & Butter Stores* (1932), 268 Ill. App. 482, 486.) Where the lease is executed subsequent to the mortgage, the lease has no force as to the mortgagee. (*Rohrer v. Deatherage* (1929), 336 Ill. 450, 455; *Gartside v. Outley* (1871), 58 Ill. 210, 214.) Where the mortgage was executed prior to the lease, then the mortgagee, after a breach of the mortgage, may enter upon the premises and take possession and either evict the tenant or recognize him or her as the mortgagee's own tenant. (*West Side Trust & Savings Bank v. Lopoten* (1934), 358 Ill. 631, 641; *Greenebaum Sons Bank & Trust Co. v. Kingsbury* (1928), 248 Ill. App. 321, 331-32.) Unless the mortgagee does recognize the lessee as a tenant under the existing lease, the mortgagee's entry onto the premises for condition broken terminates the existing lease between the mortgagor and the lessee. (*Gartside v. Outley* (1871), 58 Ill. 210, 214.) The fact that the tenant has performed the conditions of the lease with the mortgagor is no defense to the asserted rights of the mortgagee. (*Rohrer v. Deatherage* (1929), 336 Ill. 450, 455.) In this particular case, the affidavits of Clement Novak and the defendants established that when the mortgagee, Great American, took possession of the premises for condition broken, it did not enter into any oral or written lease agreement with the plaintiff or agree to recognize the lease between Little and Commercial. However, the acceptance of rent by the mortgagee, Great American, who entered the premises for a condition broken, did create the relationship of landlord and tenant. The receipt of rents by Great American created, however, only a tenancy from year-to-year. *Gartside v. Outley* (1871), 58 Ill. 210, 215.

In *Gartside* the court stated:

> "The generally received doctrine seems to be, that the receipt of rents by the mortgagee will only create a tenancy from year to year, in analogy to the rule where the tenant holds over after the expiration of the lease. The doctrine proceeds upon the ground that the lease is inoperative as to the mortgagee, and is terminated by the act of entry. The rule of common law is well established, that the mortgagor can not, without the consent of the mortgagee, execute a lease that will prevail against the rights of the mortgagee,

and it has been uniformly held that the entry of the mortgagee puts an end to the lease. *Keech v. Hall,* 1 Doug. 2." (58 Ill. 210, 214-15.) Our review of Illinois case law indicates that *Gartside v. Outley* remains the law in Illinois, and the trial court properly found that Commercial's lease of the demised premises with Little was terminated by the entry of the mortgagee upon condition broken of the mortgage. Therefore, the trial court was correct in dismissing the complaint of the plaintiffs as both counts thereof were predicated upon the validity of the lease between Little and Commercial.

The trial court was also correct in finding that a landlord-tenant relationship did exist between the defendants and the plaintiff and that a year-to-year tenancy had been created by the mortgagee's acceptance of rent from the tenant and was binding upon the defendants as successor in interests to the rights of the mortgagee.

As alternative relief on appeal, plaintiffs request this court to remand the matter to the trial court for further proceedings to determine the length and the nature of any lease created and the damages for violation of that lease.

■■ The trial court in its initial ruling in this matter, presented plaintiff with an opportunity to amend its complaint to seek damages and other relief for breach of the year-to-year tenancy which the trial court found existed between the plaintiffs and the defendant. Plaintiffs chose not to do so, but rather to stand upon their original complaint for damages for breach and for specific performance of its lease with Little. Having chosen to stand on that original complaint, plaintiffs waived their right to amend their complaint. The judgment of the trial court dismissing the complaint of the plaintiff is affirmed.

Affirmed.

SEIDENFELD, P. J., and UNVERZAGT, J., concur.