HENRY ALLEN

*v.*

WILLIAM WEBSTER.

FORCIBLE DETAINER — *by whom the action must be brought.* The owner of certain premises having leased them to A who went into possession, upon the expiration of such lease, let the premises by a verbal lease to B who, with the consent of A, took possession and proceeded to cultivate a portion of them. A, however, subsequently refused to quit the premises: *Held,* the landlord having parted with his right to the possession could not maintain forcible detainer against A to recover the premises. The verbal lease was a legal and binding letting of the premises and entitled B to the possession, which he actually obtained with the assent of A, and he alone could bring the action.

APPEAL from the Circuit Court of De Kalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was an action of forcible detainer brought before a justice of the peace by William Webster against Henry Allen to recover possession of certain premises. Upon trial had judgment was rendered against the defendant, who appealed to the circuit court, where a trial by jury resulted as before, in a verdict and judgment for the plaintiff. The defendant appealed.

Messrs. DIVINE & PRATT, for the appellant.

Mr. CHARLES KELLUM, for the appellee.

Mr JUSTICE BREESE delivered the opinion of the Court:

The main question presented by this record is, who was entitled to the possession of these premises at the time complaint was made? If Webster, then the judgment must be affirmed; if Vanderburg, then it must be reversed, and it is to this we have directed our attention.

The question is not difficult of solution when the facts are considered.

The first fact is, that Webster, the appellee, claimed to be the owner of the premises, and had leased them to appellant, who had taken possession. The next fact is, that appellant's term having expired, appellee, by a verbal lease, let them to one Vanderburg, who, with the consent of appellant, took possession, and proceeded to cultivate a portion of them. This last fact is conclusive in this case. The verbal lease to Vanderburg was a legal and binding letting of the premises, and entitled Vanderburg to the possession and which he actually obtained with the assent of appellant. This being the state of the case, appellee was not, at the time the complaint was made, entitled to the possession, but the same belonged to Vanderburg, and brings the case within the second branch of the statute respecting forcible entry and detainer, and within the ruling of this court in *Dudley et al.* v. *Lee*, 39 Ill. 344. It is clear, Vanderburg being entitled to the possession, the appellee could not be, and the judgment declaring the right to be in him was erroneous, and must be reversed and the cause remanded.

*Judgment reversed.*