# JAMES THOMPSON

*v.*

# BRIGGS W. SORNBERGER.

1. FORCIBLE ENTRY AND DETAINER—*of the possession required.* The plaintiff, to recover in an action of forcible entry and detainer, must show that he had, at the time of the alleged entry, the actual possession of the premises described. A mere constructive possession, such as the fee simple title to the land entered upon draws to it, is not sufficient.

2. SAME—*title not involved.* The question of title is not, in any sense, involved in the action.

3. SAME—*plaint and evidence under.* Proof that the plaintiff was possessed of a part of the premises described in the complaint, does not authorize a recovery of such part. The act regulating the action requires a particular description of the premises to be made in the complaint, and the proof must follow and conform to the description therein.

4. SAME—*limitation.* The action in England, from whence we derive it, was a criminal proceeding, and a prosecution was barred in three years after the right of action accrued. But in this State the action has been changed by express law, from a criminal to a civil proceeding, and no express limitation has been furnished. This was doubtless a *casus omissus* on the part of the legislature.*

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

*The 15th section of the act of April 4, 1872, (in force July 1, 1872,) provides: "All civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." Sess. Laws, p. 559; Gross' Comp. vol. 2, p. 258.

Messrs. WILLOUGHBY & GRANT, for the appellant.

Messrs. FROST & TUNNICLIFF and Messrs. COOLEY & GAINES, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a complaint for forcible entry and detainer, made before a justice of the peace of Knox county, on the 14th day of February, 1870. A change of venue was awarded to Justice Levakey, before whom a trial was had, on the plea of not guilty and the Statute of Limitations, and a verdict of guilty returned.

An appeal was taken to the circuit court, and at the October term thereof, 1870, on the first day of the term, the defendant moved to quash the complaint and dismiss the suit, which motion was denied and exception taken.

A change of venue was then had to Warren county, and the cause came on to be heard there at the January term, 1871. There was a trial by jury, and verdict and judgment for the plaintiff, the court having overruled defendant's motion in arrest of judgment.

To reverse this judgment the defendant appeals.

The complaint in substance is, that, on the 1st day of May, 1866, the defendant, Thompson, unlawfully entered into the lands and possessions of complainant, then situate, known and described as "a strip, tract, piece or parcel of land, about two rods wide at the west end of said strip, tract, etc., and about one rod wide at the east end, said strip, tract, piece or parcel of land being and lying on the north end of the west half of the northwest quarter of section 7, in township 12 north, of range 4, east of the fourth principal meridian, in the county of Knox and State of Illinois;" and that the said James Thompson then and there did unlawfully put out and expel the complainant from his said lands and possessions, wherein this complainant had at the time aforesaid an estate of freehold then and still subsisting, and had been in quiet and peaceable possession for

more than twenty-five years preceding, and that his interest therein still subsists ; and the said James Thompson still doth hold and detain the said lands and possessions from the said complainant, unlawfully and without right, contrary to the form of the statute, etc.

Waiving all consideration of any defects which may appear in the complaint, we come at once to the consideration of the case as it appears by the testimony in the record, premising, however, the principles which govern this proceeding.

The statute of Forcible Entry and Detainer, R. S. chapter 43, provides for cases where a person shall make entry into any land or other possessions, or shall make any such entry by force, such person shall be adjudged guilty of a forcible entry and detainer, or a forcible detainer, as the case may be, within the intent and meaning of this chapter.

The judgment, if the party is found guilty, is that the plaintiff have restitution of the premises, and his costs, and a writ of restitution shall be awarded.

In the many and various discussions which this subject has undergone in this court, it has always been held, that the plaintiff, to recover, must show that he had the actual possession of the premises upon which the forcible entry is alleged to have been made ; that a mere constructive possession, such as the fee simple title to the land entered upon draws to it, is not sufficient. The title is not in any sense involved, but simply whether the plaintiff had the possession at the time defendant unlawfully invaded it and detains it. *McCartney* v. *McMullen*, 38 Ill. 237.

To have authorized a verdict, in this case, the plaintiff should have proved he was possessed, in fact, of the strip of land upon which the forcible entry was alleged to have been made.

How stands the proof in this regard ? When the southwest quarter of six was the property of the Smith heirs and in charge of Becker, who had one Lamb for a tenant, a worm fence was erected on the supposed south line, which, being

carried away by a freshet, was rebuilt by Lamb, with posts and rails, a few feet south of the line of the worm fence. Lamb's fence so stood when Thompson purchased and entered into possession. That fence was the only visible dividing line between the southwest of six and the northwest of seven, to the north half of which complainant has title, and has been in possession for many years.

There is no proof in the record that plaintiff was in the actual possession of the gore or strip between the old worm fence and the Lamb fence, at the time Thompson entered, and that is included in his complaint. He may have title to that strip, but as this action does not proceed on title, that can not avail him. He may, in an action of ejectment, recover the possession, but in this action of forcible entry and detainer he can not, as Thompson did not invade his actual possession of that gore or strip, he having none at the time of Thompson's purchase and entry.

The plaintiff in the action, as his complaint shows, claimed a certain strip or piece of land, of a particular description, and the proof is clear, that as to the piece of land between Lamb's fence and the old worm fence, defendant did not, on his purchase of the premises, with the Lamb fence as the southern boundary, enter upon the possession of the plaintiff. That strip was not in the possession of plaintiff when defendant entered. As to the strip of land south of the Lamb fence, and included between that fence and the fence defendant erected further south, on the line as run by the county surveyor, the defendant may be said to have entered upon the possession of the plaintiff, and had plaintiff limited his complaint to that strip, he might have sustained it. The complaint is for a larger strip or tract, which includes the last named strip, but the rule is well settled, that, in this action, a part can not be recovered. As this court said in *House* v. *Wilder*, 47 Ill. 510, a plaint claiming an entire house, is not sustained by proof of a right to the possession of a part of the

house only.   The act regulating this action requires a particular description of the premises to be made in the complaint, and the proof must follow and conform to the description therein, to warrant a recovery.

The point, that this action is barred in three years, is not tenable.   In England, from which we derive this action, it was a criminal proceeding, and a prosecution was required to be instituted in three years after the cause of. action had accrued.

In this State, the nature of the action has been changed by express law, from a criminal to a civil proceeding, and no express limitation has been prescribed.   It is, doubtless, a *casus omissus* on the part of the legislature, which it is not the province of this court to supply.

For the reasons given, the judgment must be reversed and the cause remanded.

*Judgment reversed.*