Purdy v. Rakestraw & Pool.

## H. C. PURDY
### v.
### RAKESTRAW AND POOL.

1. FORCIBLE DETAINER—SALE OF PREMISES DURING TERM—AGREEMENT TO PROCURE POSSESSION.—Where after leasing to appellant, appellees before the end of the term conveyed the premises by a deed absolute upon its face to one Kline and an agreement was made at that time that appellees should procure the possession for their grantee by a certain date or forfeit $75. *Held*, that this agreement does not amount to a reservation of any right of possession in appellees. Appellees therefore can not maintain forcible detainer against appellant.

2. DEED—RESERVATION.—Even if such agreement should be construed as a reservation of the right of possession, it would be inconsistent with the terms of the deed which carries the right of possession with it, and being made contemporaneously with the execution of the deed, would be void.

APPEAL from the Circuit Court of McLean county; the Hon. R. M. BENJAMIN, Judge, presiding. Opinion filed September 28, 1883.

Mr. WM. E. HUGHES and Messrs. KERRICK, LUCAS & SPENCER, for appellant; that appellees were not the proper parties to maintain the suit, cited Dudley v. Lee, 39 Ill. 339; Allen v. Webster, 56 Ill. 393.

As to forcible detainer: Wheelan v. Fish, 2 Bradwell, 447.

Purdy v. Rakestraw & Pool.

Messrs. Rowell & Hamilton, for appellees.

McCulloch, P. J.  This was an action of forcible detainer brought by appellees as landlords against appellant as their tenant.  After the leasing and before the end of the term, appellees conveyed its premises in controversy by a deed absolute upon its face and without condition or reservation to one Kline.  The right of possession was therefore in the tenant during the term, and at the termination of the tenancy it would have passed to Kline by force of his deed, and he would have been the proper party to bring the suit unless the right of possession had been in some proper manner reserved to appellees.  Dudley v. Lee, 39 Ill. 339; Allen v. Webster, 56 Ill. 393.  An attempt was made upon the trial to show that contemporaneously with the execution and delivery of the deed to Kline there was a verbal agreement entered into between him and appellees by which the right of possession from appellant was reserved to them, when the tenancy should expire.  An examination of the evidence, however, shows that the only agreement made at that time was that appellee should procure the possession for their grantee by a certain date, or forfeit the sum of $75.  This does not amount to a reservation of any right of possession in them but at best is only an agreement on their part to acquire the possession for their grantees.  And even if it should be construed to be a reservation of the right of possession it would be inconsistent with the terms of the deed, which carries the right of possession with it, and being made contemporaneously with the execution of the deed it would be void.  Powell v. Rich, 41 Ill. 466.

We are therefore of the opinion that appellees have failed to show a right of recovery, and therefore the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.