---

(No. 11991.—Reversed and remanded.)
LIBBY SHULMAN, Defendant in Error, *vs.* JOHN J. MOSER, Plaintiff in Error.

*Opinion filed June 20, 1918.*

1. PRACTICE—*Supreme Court may by certiorari review Appellate Court's judgment in forcible detainer.* Under section 121 of the Practice act, as amended in 1909, the Supreme Court may grant a writ of *certiorari* to the Appellate Court to review its judgment in an action of forcible entry and detainer for the restitution of the premises, only, as such action is not *ex contractu.*

2. FORCIBLE DETAINER—*action of forcible detainer is purely possessory.* Under the Illinois statute the action of forcible entry and detainer is a purely possessory civil remedy for the restitution of premises of which the plaintiff is unjustly deprived, and the right to possession is all that is involved or can be determined.

3. PRINCIPAL AND AGENT—*principal is bound by contract made by agent though agent could not read it.* A contract made by an

agent in a matter which his principal has intrusted to him is bind-
ing upon the principal though the agent could not read it and did
not, as was his duty, have it read to him, and in a forcible detainer
suit by the principal it is error to allow the agent to testify that
he could not read the contract.

4. CONTRACTS—*illiteracy is not a defense to a contract.* Illit-
eracy is not a defense to a contract, and if a party cannot read an
instrument it is his duty to have it read to him, as one who is
unable to read is not permitted to make contracts without the usual
precaution to ascertain what they mean.

WRIT OF ERROR to the Second Branch Appellate Court
for the First District;—heard in that court on appeal from
the Municipal Court of Chicago; the Hon. EDMUND K.
JARECKI, Judge, presiding.

FRED A. O'HAGAN, for plaintiff in error.

WILLIAM FELDMAN, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

Libby Shulman, defendant in error, assignee of a lease
made by Victor Kanter to John J. Moser, plaintiff in er-
ror, obtained a judgment in an action of forcible entry and
detainer in the municipal court of Chicago against plain-
tiff in error for the possession of six rooms in the first
apartment of premises known as 3235 Franklin boulevard,
in Chicago, and as the Victoria Apartments, and the Ap-
pellate Court for the First District affirmed the judgment.
Plaintiff in error presented to this court his petition for
a writ of *certiorari* to the Appellate Court for a review
of the judgment, and among other things alleged that the
rental value of the premises under the terms of the lease,
from the time the suit was begun, was $1012.

It appears from the record that Victor Kanter on July
25, 1914, leased the premises to the plaintiff in error from
October 1, 1914, until September 30, 1916, for a rental of
$660, payable in monthly installments of $27.50 each, in

advance, upon the first day of each month of the term, with the option of an additional three years upon giving thirty days' notice. The rental value alleged in the petition included the rental for an extended term in case the plaintiff in error should exercise his option, but the question whether the rental value for the term of the lease, or any extension of it, exceeded $1000 is of no importance.

Prior to the amendment of section 121 of the Practice act in 1909 a party to any cause other than those in which an appeal from the Appellate Court to this court is secured by the constitution had a right of appeal from a final judgment of the Appellate Court to this court when the sum or value in controversy exceeded $1000, exclusive of costs. By the section as amended in 1909 and now in force, judgments of the Appellate Court in all cases except those wherein appeals and writs of error are specifically required by the constitution to be allowed from the Appellate Court to this court are final unless a certificate of importance is granted by a majority of the judges of the Appellate Court, or this court requires, by *certiorari* or otherwise, the case to be certified to this court for review, but with the limitation that in actions *ex contractu,* (exclusive of actions involving a penalty,) and in all cases sounding in damages, the judgment, exclusive of costs, must be more than $1000. (Laws of 1909, p. 304.) The statute therefore gives a general authority to this court to grant writs of *certiorari* to the Appellate Court except in actions *ex contractu* (exclusive of actions involving a penalty) and cases sounding in damages where the judgment is not more than $1000, in which this court can only take jurisdiction by virtue of a certificate of importance. Under the former statute, in an action of forcible entry and detainer between landlord and tenant the amount involved was determined by the rental value of the premises, which could only appear from the record or by a certificate of the judges of the Appellate Court. This court could not hear evidence, on an appeal,

to prove rental value nor take the averments of the plead-
ings as proof of such value. (*McGuirk* v. *Burry,* 93 Ill.
118; *Morris* v. *Preston,* id. 215; *Piper* v. *Jacobson,* 98 id.
389; *Jordan* v. *Davis,* 108 id. 336; *Flagg* v. *Walker,* 109
id. 494; *McDole* v. *Shepardson,* 156 id. 383.) The pres-
ent test of jurisdiction is not the amount involved in the
controversy, but whether the action of forcible entry and
detainer is an action *ex contractu* and within the limitation
that the judgment, exclusive of costs, must be for more
than $1000. The action of forcible entry and detainer is
of statutory origin and originally was criminal in its nature.
(*Thompson* v. *Sornberger,* 59 Ill. 326; *French* v. *Willer,*
126 id. 611.) By our statute the action is a purely pos-
sessory civil remedy for the restitution of premises of which
the plaintiff is unjustly deprived. The right to possession
is all that is involved or that can be determined. (*Fortier*
v. *Ballance,* 5 Gilm. 41; *Smith* v. *Hollenback,* 51 Ill. 223;
*Doty* v. *Burdick,* 83 id. 473; *Thomasson* v. *Wilson,* 146
id. 384; *Kepley* v. *Luke,* 106 id. 395; 11 R. C. L. 1142.)
By statute the right to maintain the action is given to the
landlord when default is made in any of the terms of the
lease, where the landlord, after such default, has terminated
the lease by a notice to quit. Such an action is not *ex con-
tractu* but is based on the termination of the contract rela-
tion and is a possessory action for the restitution of the
leased premises. Therefore the right to a writ of *certiorari*
is not controlled by the amount of a money judgment. The
statute permits a claim for rent to be joined in the com-
plaint, and a double judgment may be recovered for the
possession of the premises wrongfully withheld and also for
rent due. But no question arising out of that provision is
involved here, in which the action was purely and simply
for restitution of the premises, and accordingly the writ of
*certiorari* was awarded.

The lease made by Victor Kanter to the defendant, John
J. Moser, was assigned by Kanter to the plaintiff, Libby

Shulman, on April 1, 1915, but Kanter acted as her agent until August 2, 1916, when she came with him to the apartments and was introduced by him to the defendant. She testified that she was the owner of the premises; that all business concerning the property was transacted by Kanter for her up to August 2, 1916; that the defendant collected the rents from the other tenants in the building and turned them over to Kanter, who paid them to her, and that everything that was done by the defendant was done for her through Kanter. She testified that she demanded the rent from the defendant on August 2, 1916, and on August 23, 1916, she served upon him a notice that she had elected to terminate the lease in consequence of his default in the payment of rent for the month of August, 1916, in the sum of $27.50. The notice also included other alleged wrongful acts of the defendant, but they were eliminated on the trial and the only issue was whether the rent had been paid. To sustain his claim of payment the defendant offered in evidence a contract made June 12, 1916, between the plaintiff and Victor Kanter of the one part and the defendant of the other part, signed by the defendant and Kanter and purporting to be signed by the plaintiff, by which the defendant agreed to rent the flats in the Victoria Apartments, collect the rents every month and pay them over to Kanter after deducting the necessary expenses of the building, including coal and janitor service, and to supervise the janitor and premises, and the plaintiff and Kanter gave the defendant power to supervise the building, purchase coal and needed supplies, hire and discharge janitors, and to pay him $15 per flat for renting those then vacant and to allow one month's rent and $5 for renting all flats thereafter, which agreement should continue for the term of the lease. The defendant rendered an account of rents collected and expenses charged for advertising and payments on account of the apartments, by which there was no rent due from him. At the date of the contract there

were empty flats in the building, and it was admitted by the plaintiff on the trial that the defendant had rented the flats. There was no dispute of the fact that Kanter was the agent of the plaintiff and that all the business concerning the apartments was transacted through him up to August 2, 1916. He was the original lessor, and the plaintiff testified that all the business concerning the apartments was transacted through him. Kanter testified that he took the contract home with him and signed it; that the plaintiff did not sign it, but he asked some man whom he met on the street, and whose name he did not remember, to do him a favor by signing the name of the plaintiff, because the building was standing empty and nobody was taking care of it, and that the man signed the name of the plaintiff to the contract. The contract was returned to the defendant by Kanter as having been signed by the plaintiff, and if a fraud was practiced upon her it was by her own agent and concerning business which she had entrusted to him.

The court overruled an objection of the defendant to a question propounded to Victor Kanter as to whether he understood the contract, and he testified that he could only read a couple of the easy words at the top; that he had only been in the third reader; that the defendant said he must sign the papers, otherwise the building would not be taken good care of; that defendant said he could sign them at home and did not say he could not have them read to him, and that he signed the contract of his own free will. The witness had formerly been in business for himself running a tailor shop, and when the lease was made he owned two buildings,—the one on Franklin boulevard and the other on Wabansia avenue,—one containing twenty-two flats and the other fifteen flats. His testimony shows clearly that he knew what was in the contract and that he could have read it if he saw fit, and it was his duty to do so. *Chicago, Rock Island and Pacific Railway Co.* v. *Hamler,* 215 Ill. 525.

The suggestion of counsel that the plaintiff was an illiterate woman, reading and writing the English language with difficulty, and that she signed the notice to quit by means of her mark, is wholly outside of any question involved in the case. Illiteracy is not a defense to a contract, and if a party to a contract cannot read an instrument it is as much his duty to have it read to him before he signs it as it would be to read it before signing if he were able to do so. (9 Cyc. 390; 6 R. C. L. 325.) One who is unable to read is not permitted to make contracts without the usual precaution to ascertain what they contain. (*Taylor v. Atchison,* 54 Ill. 196.) But the question of the ability of plaintiff to read was, of course, immaterial, because she never signed the contract and knew nothing about it. The question whether she would have been able to read it if she had signed it or heard of it has no relation to the case.

The overruling of the defendant's objection by the court was serious and prejudicial error, since the verdict and judgment can only be accounted for on the ground that Victor Kanter, acting as agent for the plaintiff in making the contract within the scope of his authority, did not know what it contained, and the jury should not have been allowed to decide the issue on the incompetent evidence. There was no denial of defendant's claim that he had performed the contract, and the only proper issue was whether the charges made in the defendant's account for advertising, decorating, plumbing, supplies and other expenses were legitimate. They were not disputed or questioned, but the claim was that the plaintiff was not bound by the contract, and that claim rested on incompetent evidence.

The judgments of the Appellate Court and the municipal court are reversed and the cause is remanded to the municipal court.

*Reversed and remanded.*