John Greenebaum, Appellant, v. Jay L. McCormick et al., Appellees.

Gen. No. 36,552.

Opinion filed December 13, 1933.

RINGER, WILHARTZ & HIRSCH, for appellant; ARTHUR WOLF, of counsel.

No appearance for appellees.

Mr. Justice Wilson delivered the opinion of the court.

Complainant, John Greenebaum, filed his bill in chancery to foreclose a first mortgage trust deed on certain premises situated in the City of Chicago and improved with a three-story brick apartment building containing three six-room apartments. One of these apartments was occupied by the mortgagors, Jay L. McCormick and his wife Cleo McCormick. The suit proceeded to foreclosure and a decree entered finding a deficiency in the sum of $3,000 against the defendants and in favor of the complainant. The receivership which had been created was continued after the confirmation of the sale under the foreclosure proceeding and the entry of the deficiency decree. After the confirmation of sale complainant filed a petition before the chancellor asking that the defendants be required to pay rent for the premises in said building occupied by them. The receiver also joined in this petition. The prayer of the petition was denied and the chancellor refused to require the defendants to file an answer to the petition. From this order the complainant appealed.

The trust deed contained all the usual provisions in regard to the mortgaging of the rents, the right to a receiver and the right to possession of the premises after default.

The Supreme Court of this State in the case of *Rohrer v. Deatherage,* 336 Ill. 450, expressly holds that upon default in the condition of the mortgage, the mortgagee has the right to possession as against the mortgagor, as grantee, lessee, or any one claiming under him by any right. Under the facts in the case at bar the complainant was entitled to the possession of the premises, or, in lieu thereof, to rents from the

occupants, the defendants in the foreclosure proceeding. We are of the opinion that the court should have protected the rights of the mortgagee, the complainant in this proceeding, either by placing the receiver in actual possession for the benefit of the complainant, or directing the defendants to pay rent for the premises.

We are asked to enter an order here requiring the McCormicks to pay $90 a month, which it is insisted is a fair rental for the premises in question. We are asked to direct this payment to be made from November 10, 1932. This court is not advised as to the conditions existing after the appeal and for that reason the only order entered will be and is one reversing the order of the superior court and remanding the cause for further proceedings in accordance with the views expressed in this opinion.

*Judgment reversed and cause remanded.*

HALL, P. J., and HEBEL, J., concur.