(No. 22095.—

SIGMUND WOLKENSTEIN, Appellant, *vs.* JOSEPH SLONIM *et al.*—(THE CHICAGO CITY BANK AND TRUST COMPANY, Appellee.)

*Opinion filed February 23, 1934.*

Hyman J. Rosenberg, (Abraham Miller, and Byron C. Sharpe, of counsel,) for appellant.

Rathje, Wesemann, Hinckley & Barnard, (Francis E. Hinckley, of counsel,) for appellee.

Mr. Justice Jones delivered the opinion of the court:

Joseph Slonim by a deed of trust conveyed certain real estate in Chicago to the Chicago City Bank and Trust Company, as trustee, to secure the payment of promissory notes aggregating $58,000. Later he executed another trust deed to B. C. Sharpe to secure the payment of notes amounting to $10,000. This trust deed contained a recital that it was subject to the first mentioned trust deed. The indebtedness secured by the senior trust deed was reduced to $47,000, and on October 15, 1930, new notes for that

amount were executed by Slonim, who gave the Chicago City Bank and Trust Company, as trustee, a new deed of trust on the premises to secure the payment of the notes. By the plan of re-financing, B. C. Sharpe, the trustee in the junior trust deed and the owner of the note secured by it, executed a written declaration which recited that his lien was subordinate to the lien of the trust deed given to secure said note aggregating $47,000. Appellant, Sigmund Wolkenstein, became the owner of the notes secured by the junior deed of trust, and on October 21, 1932, filed a bill of foreclosure in the circuit court of Cook county. The bill alleged that there was $1269.68 due on the indebtedness secured by his trust deed and that his lien is subordinate to the lien of the deed of trust to the Chicago City Bank and Trust Company; that default had been made in the payment of the principal and interest due on the last mentioned indebtedness; that the taxes on the premises are due and unpaid; that the premises are worth less than the amount of the indebtedness of the notes secured by the senior encumbrance, and that unless a receiver is appointed to collect the rents, issues and profits from the premises, he, Wolkenstein, will suffer irreparable injury. Pursuant to the prayer of the bill a receiver was appointed, who qualified and entered upon the discharge of his duties. On the day the circuit court appointed a receiver, three persons who were owners of certain of the notes secured by the senior trust deed filed a bill of foreclosure in the superior court of Cook county. At the time this bill was filed neither the complainants named therein, nor the trustee, the Chicago City Bank and Trust Company, had any knowledge of the foreclosure suit in the circuit court. Upon learning the fact the trustee filed a verified petition in that court praying that the receiver be directed forthwith to surrender to the petitioner the possession of the real estate and turn over to it all rents, income and profits which he had collected since the date of his ap-

pointment. The circuit court denied the prayer of the petition and dismissed it for want of equity. An appeal was taken to the Appellate Court for the First District, which reversed the decree and remanded the cause to the circuit court, with directions to that court to grant the prayer of the petition. The cause is before us on an appeal pursuant to a certificate of importance.

Although numerous questions have been raised upon the record and argued by counsel, the controlling question is whether or not the receiver's right to the rents, income and profits is superior to the claim of the trustee in the senior mortgage. Appellant contends that because the $47,000 trust deed contains no express provision for possession upon condition broken, the appointment of a receiver is the only relief to which appellee is entitled. It was long ago settled that a mortgagee has several remedies, either or all of which he may pursue until the debt is satisfied. He may sue at law upon the note, or put himself in possession by ejectment after condition broken, or file a bill for foreclosure, (*Rohrer* v. *Deatherage,* 336 Ill. 450; *Vansant* v. *Allmon,* 26 id. 30; *Bradley* v. *Lightcap,* 202 id. 154;) or he may pursue each of said remedies at the same time. A mortgage conveys title as between the mortgagor and the mortgagee, but it is only a qualified title as security for the creditor during the existence of the debt. The mortgagor is regarded as the owner of the land for all beneficial purposes, subject only to the rights of the mortgagee. After condition broken, the mortgagee is, as between himself and the mortgagor, the owner of the fee, and he may maintain ejectment against the mortgagor or the owner of the equity of redemption. Upon default he has the right to possession against the mortgagor, his grantee, or anyone claiming under him by any right. (*Rohrer* v. *Deatherage, supra; Ware* v. *Schintz,* 190 Ill. 189; *Bradley* v. *Lightcap, supra; Taylor* v. *Adams,* 115 Ill. 570.) When the property was placed in the hands

of a receiver it was *in custodia legis,* and any attempt to interfere with the possession of the receiver would have been a contempt of the circuit court. The only remedy left open to appellee was to apply to that court for relief. (*Gunning* v. *Sorg,* 214 Ill. 616; *Wiswall* v. *Sampson,* 14 How. 52, 14 L. ed. 322.) In the *Wiswall case* the court said: "When a receiver has been appointed his possession is that of the court, and any attempt to disturb it without the leave of the court first obtained will be a contempt on the part of the person making it. This was held in *Angel* v. *Smith,* 9 Ves. 335, both with respect to receivers and sequestrators. When, therefore, a party is prejudiced by having a receiver put in his way, the course has either been to give him leave to bring an ejectment or to permit him to be examined *pro interesse suo."*

Appellant's contention is that because the Sharpe trust deed was executed prior to the $47,000 trust deed Sharpe became vested with the legal title to the premises; that appellee acquired only an equitable title and could not maintain an action of ejectment thereunder, and that it is not entitled in equity to an order for possession when it could not maintain an action at law. By the terms of the Sharpe trust deed it was subject to the $58,000 incumbrance. When the $47,000 trust deed was executed to replace the original deed Sharpe agreed that his deed would remain a subordinate lien and accordingly executed a written instrument to that effect. He also made a memorandum on his trust deed which stated that it is a second lien and subject to the lien of the $47,000 trust deed. The bill for foreclosure alleges the priority of appellee's encumbrance. Appellant cannot be heard to question that priority.

The appointment of a receiver is a matter resting in the discretion of the court, and, as a general rule, in making the appointment on behalf of a complainant seeking to enforce an equitable claim, or a claim which is the subject of equitable jurisdiction, against real estate, the court

will take care not to interfere with the rights of a person holding a prior legal interest in the property. Thus, where there is a prior mortgagee having the legal estate, the court will not, by the appointment of a receiver, deprive him of his right to the possession. (*Wiswall* v. *Sampson, supra.*) The same doctrine is announced in the early English cases of *Berncy* v. *Sewell,* 1 Jac. & W. 647, *Bryan* v. *Cormick,* 1 Cox, 422, and *Dalmer* v. *Dashwood,* 2 id. 378. Similar statements of the principle appear in Wiltsie on Mortgage Foreclosure, (4th ed.) sec. 579; High on Receivers, (4th ed.) sec. 679; Jones on Mortgages, (8th ed.) secs. 1937, 1939.

Appellant urges that the only benefit appellee can derive from obtaining possession of the premises is to have the rents, income and profits therefrom applied to its indebtedness, and that this object can be accomplished by permitting the receiver to remain in possession and by obtaining an extension of the receivership to appellee's deed of trust. There are two answers to this contention. The first is, that the chancellor dismissed appellee's petition on the ground that it was without equity. Thus appellee was not only denied the remedy which appellant now admits would be just and equitable, but its claim was subordinated to that of the junior encumbrancer. The second answer is, that appellee's petition alleged that the cost of administration by a receiver would not be less than ten per cent of the gross income, and that such a cost would not leave sufficient net income to pay the taxes against the premises and the principal and interest from time to time accruing. Appellee offered to administer the *res* at a cost not to exceed four per cent of the gross income. This offer was binding upon appellee and it could be compelled to perform according to the proposal.

It is conceded that the mortgaged premises are worth less than the amount of appellee's encumbrance. Under the circumstances presented by this case we can see no

good reason for depriving appellee of rights to which it is so equitably entitled. The chancellor was not without power to appoint the receiver, but when appellee's superior rights were presented by a proper petition the receiver should have been removed.

The judgment of the Appellate Court reversing the decree of the chancellor and directing the entry of a decree granting the relief sought in appellee's petition is affirmed.

*Judgment affirmed.*