(No. 22539.—)

THE WEST SIDE· TRUST AND SAVINGS BANK, Plaintiff in Error, *vs.* ABE LOPOTEN, Defendant in Error.

*Opinion filed December 17, 1934.*

JOHN M. LEE, and JOSEPH B. ALEXANDER, for plaintiff in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The plaintiff in error, the West Side Trust and Savings Bank, (hereinafter called the plaintiff,) filed a complaint in forcible detainer in the municipal court of Chicago against Abe Lopoten (who will be referred to as the defendant) for the possession of an apartment in Chicago. No affidavit of merits was required or filed. The cause was

tried by the court without a jury and judgment was rendered in favor of the defendant and against the plaintiff for costs. The plaintiff prosecuted an appeal to the Appellate Court for the First District, and that court affirmed the judgment. A writ of *certiorari* was granted by this court and the record is submitted for a further review.

Jacob Pollack and Ike Fishman on June 21, 1927, executed bonds amounting to $65,000, due in installments on the twenty-first days of June, 1929, and of each year thereafter, to and including 1933, with interest at six per cent, payable semi-annually, and secured their payment by a trust deed in the nature of a mortgage on an apartment building to the West Side Trust and Savings Bank. By the trust deed the grantors conveyed to the trustee not only the premises, but also the rents, issues and profits which might thereafter accrue. The trustee was authorized, in the event of a default in the payment of either principal or interest of any of the bonds, to take possession of the mortgaged property; to mortgage, control and lease it, in whole or in part; to make all necessary repairs, renewals and alterations; to restore and insure the buildings and improvements, and to collect and receive all the rents, income, issues and profits from the property. Default was made in the payment of the bonds, amounting to $2500, due June 21, 1931. On May 31, 1932, pursuant to the provisions of the trust deed, the trustee took possession of the premises and appointed Ike Fishman as its agent for the purpose of managing the apartment building. He accepted the appointment with the knowledge and acquiescence of Jacob Pollack. A notice which was signed by plaintiff was served on the tenants of the building in question, including the defendant, informing them that under the terms of the trust deed the grantors had assigned the rents from the premises occupied by them to it; that owing to a default in the performance of the provisions of the trust deed it had elected to collect all rents, and directed them, on

and after May 31, 1932, to pay their rent only to Fishman, as the agent of the trustee. The respective tenants were notified that the monthly rentals would remain unchanged. The rent for the apartment occupied by the defendant was $40 per month. Copies of this notice were mailed to the makers of the trust deed. The trustee employed a janitor for the building, furnished electric light and water and caused repairs to be made on the refrigerator system. For several months, Fishman, as the agent of the plaintiff, managed the building, collected the rents and accounted for them on three occasions, June 8 and August 15 and 25, 1932. It thus appears that the defendant paid rent to the agent of the trustee. Later, Fishman refused to account further and he was discharged as agent. On September 30, 1932, the plaintiff notified the tenants of this and directed them thereafter to pay rents either to it or its new agent, Joseph M. Liebow. On October 5, 1932, the plaintiff caused a landlord's five-day notice to be served upon the defendant in accordance with the statute. It stated that $80 was due for the rent of the premises for the months of September and October and demanded its payment; and upon a failure to pay within five days following the service of the notice, demanded the immediate possession of the apartment in question. He did not comply with this notice, and on October 21 the plaintiff instituted this action.

The plaintiff contends that it, as mortgagee, having entered upon the mortgaged property for condition broken and having received rent from the defendant, a tenant of the mortgagors, the relation of landlord and tenant was thereby created, and that it is therefore entitled to maintain the present action of forcible detainer because of his failure to pay his rent. To sustain its contention it invokes sections 8 and 14 of the Landlord and Tenant act and section 2 of the Forcible Entry and Detainer act.

Section 8 of the Landlord and Tenant act, (Cahill's Stat. 1933, p. 1747; Smith's Stat. 1933, p. 1771;) so far

as pertinent to this inquiry, provides that a landlord or his agent may, at any time after rent is due, demand its payment and notify the tenant, in writing, that unless payment is made within the period specified in such notice, not less, however, than five days after service thereof, the lease will be terminated. It is further provided that if the tenant does not, within the time prescribed, pay the rent due, the landlord may consider the lease ended and sue for possession under the Forcible Entry and Detainer statute or maintain ejectment without further notice or demand. By section 14 of the same act (Cahill's Stat. 1933, p. 1748; Smith's Stat. 1933, p. 1772;) it is provided that the grantees of any demised lands, tenements, rents or other hereditaments, or of the reversion thereof, the assignees of the lessor of any demise, and the heirs and personal representatives of the lessor, grantee or assignee, shall have the same remedies, by entry action or otherwise, for the non-performance of any agreement in the lease or for the recovery of any rent, or for the doing of any waste or other cause of forfeiture, as their grantor or lessor might have had if such reversion had remained in him.

The first clause of section 2 of the Forcible Entry and Detainer act (Cahill's Stat. 1933, p. 1483; Smith's Stat. 1933, p. 1525;) provides that the person entitled to the possession of lands or tenements may be restored thereto when a forcible entry is made; the second clause, when a peaceable entry is made and the possession unlawfully withheld; the third, where the entry is made into vacant or unoccupied lands without right or title; the fourth, when any lessee of the lands or tenements, or any person holding under him, holds possession without right, after the determination of the lease or tenancy by its own limitation, condition or terms or by notice to quit or otherwise; the fifth, when a vendee, having obtained possession under an agreement to purchase lands or tenements and having failed to comply with his agreement, withholds

possession thereof after demand in writing by the person entitled to such possession; the sixth, among other things, when lands or tenements have been conveyed by any grantor in possession and such grantor refuses or neglects to surrender possession thereof after demand in writing by the person entitled thereto, or his agent.

Each of the above six clauses provides for the restoration of lands or tenements to the person entitled thereto. A preliminary question is thus presented whether it is necessary for the plaintiff in a proceeding under the Forcible Entry and Detainer act to have been originally in physical possession. An action under the statute is a civil proceeding to obtain restitution of premises of which the plaintiff is unjustly deprived. (*Shulman* v. *Moser,* 284 Ill. 134.) It is a special statutory proceeding, summary in its nature, in derogation of the common law, and a party seeking this remedy must comply with the requirements of the statute, especially with respect to jurisdiction. (*City of Chicago* v. *Chicago Steamship Lines,* 328 Ill. 309.) Such proceedings, on the other hand, are remedial in character, and, in order to render effectual the remedy provided, the statute should be construed liberally. (2 Lewis' Sutherland on Stat. Const. (2d ed.) sec. 686; *Birdsall* v. *Phillips,* 17 Wend. (N. Y. 464.) The object of analogous statutes has been declared to be to afford summary relief and to avoid the expense and delay of an action of ejectment. (2 Thompson on Real Prop. sec. 1492.) The right to possession is all that is involved or that can be determined. *Shulman* v. *Moser,* 284 Ill. 134; *Stoddard* v. *Illinois Improvement Co.* 271 id. 98.

The second section of the act makes provision for actions not only in forcible entry and detainer but also in forcible detainer. A recognized distinction obtains between them. The former is an action for re-possession by a party who has been disseized, and in such case it is necessary for the plaintiff to charge and prove that he was in possession

of the premises and that his possession was invaded by the defendant. (*Thompson* v. *Sornberger,* 59 Ill. 326; *Dudley* v. *Lee,* 39 id. 339.) However, in an action of forcible detainer it is not essential for the plaintiff to have had possession nor for the defendant to have received possession from him. (*Cairo and St. Louis Railroad Co.* v. *Wiggins Ferry Co.* 82 Ill. 230; *Allen* v. *Webster,* 56 id. 393.) Forcible entry and detainer actions are brought under the first clause of section 2, and an invasion of the plaintiff's actual possession of the premises described in the complaint, at the time of the alleged entry, is a prerequisite to the maintenance of the proceeding. The right of action must be exercised in his name. It will not pass to his assignees or representatives. (*Fitzgerald* v. *Quinn,* 165 Ill. 354; *Thompson* v. *Sornberger,* 59 id. 326; *McCartney* v. *McMullen,* 38 id. 237.) Actual prior possession has been held not indispensable as a basis for actions of forcible detainer under the succeeding clauses of this section. A right of action exists under the second clause of section 2 where peaceable entry is made upon premises in the actual possession of either the plaintiff or of those to whose rights he has succeeded and the possession is unlawfully withheld after demand. It is not required, however, that the relation of landlord or tenant, or any other particular contractual relation, should exist to authorize restoration of the party entitled· to possession. (*Thomasson* v. *Wilson,* 146 Ill. 384.) The grantee of the landlord may maintain the action. (*Thomasson* v. *Wilson, supra; Allen* v. *Webster,* 56 Ill. 393; *Fisher* v. *Smith,* 48 id. 184; *Dudley* v. *Lee,* 39 id. 339.) Again, where premises have been leased to a prospective tenant who is unable to obtain possession by reason of a former tenant holding over after his term expired, the right to maintain the action vests in the lessee, alone. (*Gazzolo* v. *Chambers,* 73 Ill. 75.) The devisee or grantee of a lessor, by the express provisions of section 14 of the Landlord and Tenant act, may main-

tain an action of forcible detainer in his own name. The right of the respective plaintiffs in the illustrative cases cited presumably vested in those who had never been in the actual possession of the premises. The manifest legislative intent disclosed by section 2 is that only in cases brought under the first clause is the action primarily one for re-possession, and that the remedy afforded by the remaining clauses is not restricted to those who were originally in possession of the land but also extends to the persons presently entitled to the possession after a demand in writing.

A mortgagor in this State is the legal owner of the mortgaged premises against all persons except the mortgagee and his assigns. (*Rohrer* v. *Deatherage,* 336 Ill. 450; *City of Chicago* v. *Sullivan Machinery Co.* 269 id. 58; *Lightcap* v. *Bradley,* 186 id. 510; *Seaman* v. *Bisbee,* 163 id. 91; *Barrett* v. *Hinckley,* 124 id. 32.) Although a mortgage conveys the title as between the mortgagor and the mortgagee, it is only a qualified title as security for the creditor during the existence of the debt. The mortgagor is regarded as the owner of the land for all beneficial purposes, subject only to the rights of the mortgagee. (*Wolkenstein* v. *Slonim,* 355 Ill. 306; *Rohrer* v. *Deatherage, supra; Theiner* v. *Speckin,* 290 Ill. 181; *Fitch* v. *Pinckard,* 4 Scam. 69.) After condition broken, the mortgagee is, as between himself and the mortgagor, the owner of the fee. (*Wolkenstein* v. *Slonim, supra; Rohrer* v. *Deatherage, supra; Ware* v. *Schintz,* 190 Ill. 189; *Oldham* v. *Pfleger,* 84 id. 102.) The mortgagor enjoys the right to sell or make leases of the premises, and his grantee or lessee will have the right of possession until a default in the terms of the mortgage, but the mortgagor cannot make a lease of the mortgaged premises which will give greater rights than he himself possesses or which will interfere with the right of the mortgagee to enter for condition broken. (2 Jones on Mortgages, (8th ed.) sec. 981; *Rohrer*

v. *Deatherage,* 336 Ill. 450; *Taylor* v. *Adams,* 115 id. 570.)
Upon default the mortgagee has the right to possession
against the mortgagor, his grantee, lessee, or anyone claim-
ing under him by any right. (*Wolkenstein* v. *Slonim,* 355
Ill. 306; *Rohrer* v. *Deatherage, supra; Taylor* v. *Adams,
supra.*) In such cases the mortgagee has several remedies,
which he may pursue either simultaneously or successively
until the indebtedness is satisfied. (*Wolkenstein* v. *Slonim,
supra; Rohrer* v. *Deatherage, supra.*) To protect and en-
force his security the mortgagee may enter and hold pos-
session by virtue of his title and take the rents and profits
in payment of his mortgage debt. (*Lightcap* v. *Bradley,*
186 Ill. 510.) When the rents and profits, however, have
paid this indebtedness, both his title and the right to pos-
session terminate. *Theiner* v. *Speckin,* 290 Ill. 181; *Brad-
ley* v. *Lightcap, supra.*

In the case at bar the trust deed conveyed the rents
and profits as additional security for the principal indebted-
ness, and specifically authorized the trustee, upon condition
broken, among other things, to obtain possession of the
mortgaged premises, lease the property or any portion of
it, collect the rents and apply them on the indebtedness.
Following a default by the mortgagors the plaintiff availed
itself of this provision. Upon demand by the mortgagee
it was equally the duty of the mortgagors and their lessees
to surrender possession. By the express provisions of the
trust deed the mortgagors waived their right to retain pos-
session after default in payment or after the breach of any
of the covenants in the deed. Nothing more has been done
than the parties stipulated. The defendant, in particular,
had no right, as against the plaintiff, to the possession of
the portion of the mortgaged property which he occupied.
On and after May 31, 1932, the plaintiff was entitled to
the physical possession of the mortgaged property and to
the rents. The evidence disclosed that the defendant was a
tenant of the apartment in controversy prior to the day

named, although it does not show when the lease to him was made.

The plaintiff asserts that the payment of rent to it by the defendant created the relation of landlord and tenant between them. It does not appear from this record whether the lease between the mortgagors and the defendant was antecedent or subsequent to the mortgage. The rights and liabilities of the parties under a lease made subsequent to the mortgage differ from those which exist when the mortgage is executed after the lease. In the latter case no reversion vests in the mortgagee as against the tenant and there is no privity of contract or of estate between the mortgagee and such a tenant, and until actual entry by the former, or the latter expressly promises to pay rent to him, he can maintain no action against the lessee to recover it. (2 Jones on Mortgages, (8th ed.) sec. 981; *Teal* v. *Walker*, 111 U. S. 242.) The mortgagee, on entry for condition broken, where the property has been leased subsequent to the making of the mortgage, may treat the tenant as a trespasser and bring ejectment, even without notice, or he may elect to recognize the lessee as his tenant. (2 Jones on Mortgages, (8th ed.) sec. 981; *Gartside* v. *Outley,* 58 Ill. 210.) If the mortgagor's tenant, upon his notification of the mortgagee's desire to this effect, expressly or by implication recognizes him as his landlord, the tenant will thereupon cease to hold under the mortgagor and will hold under the mortgagee. (2 Jones on Mortgages, (8th ed.) sec. 982; 1 Tiffany on Landlord and Tenant, sec. 73a(3); *Gartside* v. *Outley, supra.*) Where the mortgagee, after entry for condition broken, accepts rent from the lessee the relation of landlord and tenant is created between the parties. (2 Jones on Mortgages, (8th ed.) sec. 981; 1 Tiffany on Landlord and Tenant, sec. 73a(4); *Gartside* v. *Outley, supra.*) The mortgagee's title being paramount, the tenant may attorn to him to avoid eviction, thus escaping liability to the lessor for rent subsequently accruing and be-

come liable therefor to the mortgagee. (2 Jones on Mortgages, sec. 982.) In such cases he does not attorn to a stranger and the rule prohibiting such attornments (*Hardin* v. *Forsythe,* 99 Ill. 312; *Lowe* v. *Emerson,* 48 id. 160;) is not applicable. Subsequently the defendant here refused either to pay rent or to vacate his apartment. His entry was peaceable, but when he refused either to pay rent or to surrender possession to the plaintiff he unlawfully withheld possession from it because he had attorned to the plaintiff. It necessarily follows that the plaintiff could maintain this action under the express provisions of either the second or the fourth clause of section 2 of the Forcible Entry and Detainer act.

The judgments of the Appellate Court and the municipal court of Chicago are reversed and the cause is remanded to the municipal court, with directions to enter judgment in favor of the plaintiff and against the defendant.

*Reversed and remanded, with directions.*