Bertha Peritz, Appellee, v. Ida Taub et al., Appellants.

Gen. No. 37,870.

Opinion filed March 11, 1935.

RUBENSTEIN & BECKER, of Chicago, for appellants; HARRY BECKER, of counsel.

KELNER & KELNER, of Chicago, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

A receiver was appointed in a foreclosure proceeding, which went to sale, resulting in a deficiency judgment for $1,589.99 against the defendants. The court then ordered that Ida Taub, defendant and owner of the equity of redemption, might continue to occupy one of the apartments of the building upon paying a monthly rental to the receiver; she appeals from this order, claiming that as owner of the equity of redemption she is entitled to remain in possession during the period of redemption without payment of rent.

The trust deed conveying the premises in question provided that a receiver might be appointed for the benefit of the holders of the indebtedness secured "whether the same shall then be occupied by the owner of the equity of redemption," with power to collect the rents, issues and profits of the premises during the pendency of the foreclosure suit, and, "in case of sale and a deficiency, during the full fifteen months statutory period of redemption."

It is well established that a receiver may be appointed in a foreclosure proceeding, and continued where there is a deficiency decree, to collect the rent and income of the property during the period of redemption. Cases cited by the defendants so hold. *First Nat. Bank v. Illinois Steel Co.*, 174 Ill. 140; *Haas v. Chicago Bldg. Society,* 89 Ill. 498. See also Reeve Illinois Law of Mortgages, vol. 2, sec. 551.

The particular question presented is whether the owner of the equity of redemption in possession may be compelled to pay rent during the period of redemption. Defendants rely chiefly on the decision in *Holmes v. Gravenhorst,* 263 N. Y. 148. That case was concerned with an application for the appointment of a receiver of the mortgaged premises prior to a sale; the mortgage contained a clause that the holder of the mortgage in any foreclosure proceeding should be entitled "to the appointment of a receiver of the rents

and profits of said premises.'' The mortgagor-owner was in possession during the pendency of the foreclosure action, and the question there presented was whether prior to sale the receiver was entitled to an order fixing the occupational rent of the mortgagor-owner based solely upon this provision in the mortgage. The court held that under the law in New York the mortgagee had no right to possession pending a foreclosure except where the right grows out of facts extrinsic to the mortage contract ''or where there is a clause in the mortgage expressly giving him that right.'' The court construed the clause in the mortgage relating to the appointment of a receiver as meaning that a receiver might be appointed merely for ''the collection of the rents and profits, and if there be no rents and profits because actual possession is in one having the right of possession inherent in his ownership, no right of possession exists which may be conferred upon a receiver.'' That case may be distinguished from the one at bar, in that there the application for a receiver was made before sale. In the instant case the receiver was continued after sale and a deficiency judgment. In the *Holmes* case the mortgage provided for the appointment of a receiver ''for the rents and profits.'' In the instant case the receiver, appointed for the benefit of the legal holder of the indebtedness, is given power to collect the rents, issues and profits in case of sale and a deficiency during the full period of redemption. In the *Holmes* case the application for the receiver rested solely upon the provision in the mortgage. We have held that such provision will not necessarily be enforced. *Frank v. Siegel,* 263 Ill. App. 316.

Moreover, we are not inclined to agree with the refinement which distinguishes between rents from premises and the premises itself. It has generally been understood that a receiver of rents was also the receiver of

the premises producing those rents. The dissenting opinion in the *Holmes* case seems to us to contain the better reasoning, as follows: ''A mortgagor personally occupying the premises is by virtue of that occupancy in receipt of a benefit in all respects equivalent to rent and profits. In effect, the mortgagor-occupant charges himself with the value of the space occupied as rent and credits himself with this amount as income. With the appointment of a receiver, the income credit—like the income from any other tenant—goes to the receiver. He continues to charge himself with rent, but he pays it to the receiver instead of to himself. He loses nothing since the rent goes to the receiver's fund to carry the property (a duty resting on him), and thereafter to meet a deficiency, if there be one, otherwise to himself.'' It is difficult to make a distinction in principle between occupancy by an owner and by a tenant, and we see no reason to hold that the rights of the owner in this respect are superior to those of the owner's tenants.

The only case cited involving the precise question presented is *Greenebaum v. McCormick*, 273 Ill. App. 126. In that case there was a deficiency decree and the receiver asked the mortgagor-owners to pay rent for the premises in the mortgaged building occupied by them. It was held that the court should have protected the rights of the mortgagee, complainant, either in placing the receiver in actual possession or by directing the mortgagor-owners to pay rent for the occupied premises. The opinion in that case rested upon *Rohrer v. Deatherage*, 336 Ill. 450, where it was held that upon default in the condition of the mortgage the mortgagee has the right to possession as against the mortgagor.

In the case of *West Side Trust & Savings Bank v. Gerstein*, 270 Ill. App. 250, we held that a trustee in a trust deed conveying the rents as security for the

indebtedness upon condition broken may take possession of the premises, collect the rents and apply them on the indebtedness by an action of forcible detainer where the tenant refuses to pay rent or to vacate the premises. In *West Side Trust & Savings Bank v. Lopoten,* 358 Ill. 631, the Supreme Court in effect sustained our holding in the *Gerstein* case, saying that after condition broken the mortgagee is, as between himself and the mortgagor, the owner of the fee, and that upon default the mortgagee has the right to possession against the mortgagor, his grantee, lessee, or anyone claiming under him by any right, citing *Wolkenstein v. Slonim,* 355 Ill. 306; *Rohrer v. Deatherage,* 336 Ill. 450; *Taylor v. Adams,* 115 Ill. 570; 2 Jones on Mortgages (8th ed.) sec. 981. It was held that upon default by the mortgagor and demand of the mortgagee it was the duty of the mortgagor to surrender possession. It would follow as a logical conclusion that if the mortgagor-owner was bound to yield possession, his continued occupancy could be conditioned upon the payment of rent.

We are not unmindful of the statute which gives a mortgagor-owner the right to redeem the real estate so sold under foreclosure decree, but no case has been cited, and there is none that we have been able to find, which holds that this right to redeem includes also the right to possession under all circumstances.

We are also mindful of what is said in *Haas v. Chicago Bldg. Society,* 89 Ill. 498, that a court of equity should not exercise its power to appoint a receiver after a decree and sale except in accordance with the principles of equity.

We are also in accord with the suggestion in the briefs of the defendants that the courts will take cognizance of the depressed real estate market conditions. *Straus v. Chicago Title & Trust Co.,* 273 Ill. App. 63. The record shows that the premises in question is a

two-story and basement brick building containing two apartments and a three-car garage in the rear; that they are in poor condition. There is a deficiency judgment against the defendants of nearly $1,600. The chancellor ordered that defendant Ida Taub should continue to occupy the first floor apartment of six rooms, heated with steam heat furnished by the receiver, for a monthly rental of $17.50, and she is also permitted to occupy the garage until the receiver procures a tenant for it.

We hold that the order was equitable and fair to all parties concerned and permitted under the authorities above cited. It is therefore affirmed.

*Affirmed.*

O'CONNOR, P. J., and MATCHETT, J., concur.